In re the Marriage of Sunday Lee ROBERTS, Respondent,

v.

James Ralph ROBERTS, Appellant.

No. WD 42622.

Missouri Court of Appeals,
Western District.

Aug. 14, 1990.

Michael P. Keleher and Jeffrey S. Eastman, Kansas City, for appellant.

James D. Boggs, Kansas City, and Donald Tharp, Guardian Ad Litem, Platte City, for respondent.

Before LOWENSTEIN, P.J., and CLARK and GAITAN, JJ.

CLARK, Judge.

In this dissolution of marriage case, appellant husband contends the trial court erred when it awarded respondent wife maintenance contrary to the terms of a

property settlement agreement in which maintenance was waived. Appellant also contends that decretal restrictions on his rights of visitation with the children placed in respondent's custody were against the substantial weight of the evidence. The decree is modified in part and affirmed in part.

Appellant and respondent were married July 28, 1973 and separated February 14, 1989. Two children were born of the marriage. The decree entered by the court awarded custody of the children to respondent wife. That aspect of the case is not in issue nor does the appellant contest the finding that the marriage was irretrievably broken. The provisions of the judgment requiring review on this appeal are the award to respondent wife of maintenance in gross in the amount of $30,000 and the limitations placed on appellant's opportunities for visitation with the children.

· Appellant's first and second points take issue with the court's award of maintenance to respondent. He contends the award was contrary to the terms of the parties' property settlement agreement and that the award lacked the requisite factual underpinning mandated by statute.

The interrelationship between the maintenance award and the division of marital assets is apparent. The judgment for maintenance is included within the decretal paragraph dividing the parties' interest in the marital home and is in the amount awarded to the wife as her share of the property equity. The residence itself is given to appellant husband, subject to the mortgage debt and subject also to payment of the maintenance judgment. The values appearing in the trial court's findings indicate the equity in the property to have been valued at $60,000 divided equally and resulting in the $30,000 awarded respondent.

The problem with appellant's argument that the maintenance judgment violates the property settlement agreement is that the record in the case does not indicate the submission to the court of a property settlement agreement.

The most which can be extracted from the trial record is a reference to a document shown as Exhibit 7, apparently a statement of marital assets prepared by the wife,[1] and testimony that some agreement about property division had been reached. There was neither a document nor testimony which could be construed as binding the wife to a waiver of her claim to maintenance.

Despite the nebulous nature of the purported property settlement agreement, the trial court's order approved the agreement finding its terms not to be unconscionable. The validity of that finding is doubtful, considering the uncertainty of the details of such agreement as may have been reached. For purposes here, however, it is unnecessary to explore the issue of whether there was such an agreement because the parties do not dispute the division of the residence equity or the wife's entitlement to a judgment for $30,000, only that terminology which identified the judgment as one for maintenance.

The disposition of appellant's first point rests not on a waiver of maintenance by the wife pursuant to a property settlement, but in the evidence and in the trial court's findings which preclude such an award.

Under § 452.335.1, RSMo Cum. Supp.1989, a court may award maintenance only if the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment or is the custodian of a child whose circumstances make it inappropriate for the spouse to work outside the home. The spouse seeking maintenance is required to show need before maintenance may be awarded. *Hemphill v. Hemphill*, 710 S.W.2d 438, 439 (Mo.App.1986). It is an abuse of the trial court's discretion to award maintenance to a spouse who has not shown the requisite need for support.

1. Somewhat remarkably, the record shows multiple uses of the same exhibit numbers for different documents. The statement of marital assets, although referred to as Exhibit 7, is not the only exhibit in the case bearing that number.

In this case, respondent wife did not show that she lacked sufficient property to provide for her needs nor did she prove herself unable to support herself through employment. To the contrary, the evidence showed the respondent to have current employment at a substantial salary and to be well able to provide her own support. The trial court's decree so states:

The court finds that the Petitioner [respondent wife] is employed by the R–V School District as a guidance counselor and earned a gross salary at the time of trial in this cause approximately $27,000.00 per year. The Petitioner has a college degree and has attended college for seven years; at the time of the hearing in this cause she was 36 years of age. She is healthy, able bodied, and able to be gainfully employed.

In addition to the above quoted finding, the decree also recites: "Maintenance is awarded neither party." The award of maintenance in one paragraph of the decree and the denial of maintenance in another is quite evidently contradictory and cannot stand. This internal inconsistency in the judgment in this case is readily settled under the facts and authority previously quoted. The finding by the court that respondent wife is able to support herself by appropriate employment necessarily precludes any award of maintenance under the statute. The portion of the judgment denominating the allowance of $30,000 as maintenance in gross must be stricken.

The foregoing discussion on the judgment for maintenance does not affect and the parties themselves do not challenge respondent's entitlement to receive payment of $30,000 as a part of the marital property division. Thus, the judgment in that respect, shorn of any reference to maintenance, was proper. At oral argument, however, counsel has advised that respondent has received $15,000 in partial satisfaction of the judgment. To conform the record to the current situation, it is appropriate that the judgment be modified by deleting therefrom the words "of maintenance in gross" appearing at paragraph C–2 of the judgment, by substituting the amount of $15,000 in that paragraph for the previous amount of $30,000, and by striking from said paragraph the award to respondent of the sum already paid to her.

In his second point, appellant argues that the restrictions which were placed on his rights of visitation with the children were unwarranted by the evidence. He suggests that those restrictions should be removed.

A review of the evidence in the case discloses a lack of emotional control on the part of appellant and respondent incident to the breakup of their marriage and an inevitable effect upon the children. The trial court, within the authority granted pursuant to § 452.400, RSMo 1986, concluded that temporary restrictions on appellant's rights of visitation would aid the healing process. Moreover, the court set a hearing in the cause five months from the date of entry of the last decree to review the circumstances. Having in mind the limited nature of the visitation restrictions and the superior opportunity of the trial court to appraise the situation, we are not persuaded that the visitation restrictions amounted to an abuse of the trial court's discretion.

Finally, in respondent's brief, she includes a point which asserts that the husband's appeal is frivolous and damages should be awarded to respondent on that account. We reject the claim.

The preferred procedure for raising the issue of a frivolous appeal is by a motion seeking relief on that account. No such motion was filed in this case. However, regardless of the manner in which the issue is raised, an appellate court has authority under Rule 84.19 to determine an appeal to be frivolous. It being obvious from the content of this opinion that the appeal is not devoid of merit, the claim to damages for a frivolous appeal is denied.

The judgment and decree filed October 13, 1989 as respects division of the real estate described as Lot 12, Block 2, Countrywood, a subdivision in Platte County, Missouri, and the associated award of a judgment for maintenance in gross of $30,-

000 to respondent is modified by deleting therefrom the reference to maintenance and by substituting the amount of $15,000 in place of the figure of $30,000. In all other respects, the judgment is affirmed. The claim for damages for frivolous appeal. is denied. Costs are assessed to appellant.

All concur.