Patricia A. JAMISON, Respondent,

v.

Roger L. JAMISON, Appellant.

No. WD 44371.

Missouri Court of Appeals,
Western District.

March 10, 1992.

Thomas W. Koelling, Kansas City, for appellant.

George Lilleston, Clinton, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

HANNA, Judge.

This is an appeal from a judgment entered in a dissolution of marriage action by the circuit court of Henry County, awarding the petitioner/respondent "maintenance in gross."

■ Appellant claims respondent is not entitled to an award of maintenance because she does not meet the essential requirements of § 452.335, RSMo (as amended) and because she expressly waived her entitlement to such an award. Respondent agrees with appellant's factual contentions, but argues the award was intended as a division of marital property and not as maintenance.

Respondent was awarded the family residence which was subject to a mortgage of $14,471.00. She was also awarded her non-marital property, her personal clothing, $10.00 in a savings account and a 1982 Volkswagon.

Appellant was awarded all the assets of the Jamison Construction Company, retirement benefits with National Benefit Retirement Plan & Trust, an IRA with a value of $670.00, a 1989 GMC truck subject to the indebtedness due thereon, a 1974 Chevrolet van, a 1967 Cadillac, a 1981 Honda motorcycle, a 1969 International truck, a 1955 Chevrolet two ton truck, checking accounts at First State Savings Association and Citizen State Bank, all non-marital household goods, his clothing and personal effects, an account receivable in the amount of $300.00 and a certain parcel of real estate.

The court also awarded respondent a monetary judgment in the amount of $14,471.00. Not coincidentally, this amount equals the remaining mortgage on the marital home. The court ordered that the award could be satisfied by appellant making regular monthly mortgage payments due on the family residence until the debt was paid in full. The payment of the appellant was secured by a lien against the Jamison Construction Company equipment and the real estate given him. The court referred to the award as "maintenance in gross". While the nomenclature was inappropriate, the court's purpose was clear.

■ "Maintenance in gross" is no longer recognized as a tool for providing economic sustenance under § 452.335, RSMo. *Cates v. Cates*, 819 S.W.2d 731 (Mo. banc 1991). The trial court erred in awarding maintenance in gross. However, we are concerned primarily with the correctness of the result and not the route taken. *See Morgan v. Morgan*, 755 S.W.2d 737, 740 (Mo.App.1988).

■ The trial court expressly found "[t]hat no maintenance was requested by either party, and, therefore, none [was] awarded." However, in a subsequent provision of the judgment the award of maintenance in gross to respondent was set forth. It is obvious the trial court was attempting to divide the marital assets in an equitable manner. To do so, the court awarded appellant the business assets and respondent the marital home. The court also wanted appellant to pay off the mortgage on the marital home. This type of property division was well within the power of the trial court.

In a dissolution action, it is not uncommon to allow one party to maintain an existing business with full benefit of the business assets, and to off-set the value of that business with a monetary award to the other party. It is also quite common to structure payment of the monetary award over a period of time, secured with the assets of the business. This avoids the undesirable consequence of placing a monetary burden on either party immediately

after the dissolution and of ordering liquidation of an existing business.

 We recognize that marital debts are to be considered when establishing a fair distribution of the marital property. Id. In this case, the trial court intended to allocate the debt remaining on the marital home to appellant. That allocation falls under the division of property, not maintenance. The court erroneously chose the terminology "maintenance in gross" in its judgment, but that error is easily cured.

*Roberts v. Roberts,* 810 S.W.2d 65 (Mo. App.1990) is a factually similar case. There, the error was cured by simply striking the words "maintenance in gross" from the decree. There is no need to retry the issues in this case because the trial court has heard the evidence and is in a position to enter a correct judgment.

The judgment is affirmed as modified and the cause is remanded with directions to modify the judgment by striking therefrom the words "maintenance in gross."

All concur.