**In re the Marriage of Ralph Wayne TRAVIS, Petitioner/Appellant,**

v.

**Debra S. TRAVIS, Respondent/Respondent.**

**No. ED 78684.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 11, 2001.

Larry G. Mittendorf & Leneigha Downs, Union, MI, for appellant.

Jonathan L. Downard, Union, MI, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Husband, Ralph Wayne Travis, appeals from the judgment of the trial court dissolving his marriage to wife, Debra S. Travis. We affirm in part, affirm as modified in part, and remand.

Husband and wife were married in 1994 and separated in 1997. No children were born of the marriage; although both parties had children when they married. Throughout the marriage, wife was employed full-time in a middle management supervisory position. Her annual salary was approximately $29,000.00. Husband was a truck driver when the parties married. After the marriage, he held several different jobs; but was unemployed as much as he was employed. He was intoxicated frequently during the marriage.

When the parties married, husband had debts, which included back child support, an automobile loan, a personal loan, a loan for furniture, as well as unpaid federal and state income taxes. Wife repaid in whole or in part these debts on husband's behalf during the marriage, for a total expenditure of $15,563.58. She also put the down payment on the marital home with assets from the sale of the house that she owned at the time of the marriage. During the marriage, wife paid the family expenses with little or no contribution from husband.

Wife accused husband of having an affair with another woman during the marriage. Husband denied any marital misconduct. At the time of the hearing on the dissolution, he was living with another woman and was employed by her to work in her funeral home and other related businesses. He was earning about $34,000.00 per year, in addition to being furnished with a vehicle.

The trial court dissolved the marriage. The court awarded husband all personal property then in his possession and ordered him to pay the installment contracts and back taxes. The court awarded wife the marital home and ordered husband to pay to wife "maintenance in gross" of $15,563.58 within 30 days of the judgment. The court made no award of attorney's fees to either party in the decree of dissolution.

Husband appealed from that judgment. Wife filed a motion for attorney's fees on appeal. The court awarded wife $1,500.00 of her attorney's fees on appeal.

Review of this case is guided by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Husband first contends that the trial court erred in awarding wife maintenance in gross. He argues that a payment in gross may only be made as part of a division of marital property, not as spousal maintenance. He points out that the amount awarded to wife of $15,563.58 was the exact amount that she testified she expended on husband's behalf for debts he incurred prior to the marriage.

"Maintenance in gross" is no longer recognized as a tool for providing economic sustenance under section 452.335, RSMo (2000). *Cates v. Cates*, 819 S.W.2d 731 (Mo. banc 1991). The trial court erred in awarding maintenance in gross. We are concerned, however, primarily with the correctness of the result and not the route taken. *Jamison v. Jamison*, 828 S.W.2d 377, 379 (Mo.App.1992).

Marital debts are to be considered when establishing a fair distribution of the marital property. *Id.* Here, although the debts were incurred by husband prior to the marriage, marital funds were expended in payment of those debts. Wife specifically requested reimbursement

of $15,563.58 spent by her during the marriage; and the amount awarded by the court as "maintenance in gross" corresponded precisely to that amount. It is obvious that the court was attempting to set aside to wife funds expended by her during the marriage on husband's behalf. That allocation of debt falls under the division of marital property, not maintenance. The court erred as a matter of law in choosing the terminology "maintenance in gross" in its judgment.

The error, however, is easily cured. In *Jamison*, 828 S.W.2d at 379, the appellate court cured a similar error by striking the words "maintenance in gross" from the decree. The appellate court reasoned that there was no need to retry the issues in the case, because the trial court had heard the evidence and was in a position to enter a correct judgment. *Id.* at 379. The court affirmed as modified, and remanded with directions for the court to strike the words "maintenance in gross" from the decree. *Id.*

In conformity with *Jamison*, we strike the words "maintenance in gross" from the decree of dissolution, but allow the amount of $15,563.58 to be awarded to wife as a property settlement. We affirm that part of the decree, as modified.

■ Husband next asserts that the trial court erred in ordering that the maintenance in gross of $15,563.58 be paid to wife within 30 days of the judgment. He argues that maintenance must be within a party's means to pay, and that he has no means to pay this amount within thirty days.

We held above that the amount awarded to wife was not maintenance, but actually was a property division. We acknowledge that section 452.335, RSMo (2000) requires the trial court to consider husband's ability to pay any maintenance ordered. A similar analysis, however, does not apply to a payment ordered as part of a property division. The trial court did not err in ordering husband to make the lump sum payment within 30 days of the judgment. Husband's second point is denied.

Finally, husband charges error in the trial court's awarding wife $1,500.00 in attorney's fees on appeal. His challenge to the award is two-pronged.

■ He first argues the cou.', was without jurisdiction to award attorney's fees, because wife filed her request more than 30 days after final judgment was rendered and after his notice of appeal was filed. We disagree. Section 452.355, RSMo (2000) allows the trial court to order a party to pay to the other party reasonable attorney's fees, "including sums for legal services rendered ... after entry of judgment." Pursuant to that statute, the circuit court has jurisdiction to award attorney's fees for services rendered on appeal, even after the appeal has been filed. *Meierer v. Meierer*, 876 S.W.2d 36, 37 (Mo.App. W.D.1994). Further, the Court of Appeals has no jurisdiction to award attorney's fees, even when the case is pending on appeal, because only the circuit court has jurisdiction to consider and grant such a fee award. *Clarke v. Clarke*, 983 S.W.2d 192, 195 (Mo.App. E.D.1998).

■ Husband's second argument is that the trial court's award of $1,500.00 in attorney's fees was not supported by the evidence and was an abuse of the court's discretion. We again disagree. In a dissolution action, the trial court has broad discretion in awarding or denying attorney's fees; and the award will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Podrecca v. Podrecca*, 794 S.W.2d 329, 332 (Mo.App.1990). The award of attorney's fees should not be reversed, unless the amount awarded is arbitrarily arrived at or so unreasonable as to indicate indiffer-

ence and lack of proper judicial consideration. *Brown v. Brown,* 495 S.W.2d 89, 92 (Mo.App.1973). Here, the evidence adduced at trial was that husband's present income exceeded wife's. Although there was no evidence as to the reasonableness of the attorney's fees in the present action, the trial court is considered an expert on the costs of attorney's fees and has wide latitude in determining them. *See Mills v. Mills,* 663 S.W.2d 369, 374 (Mo.App.1983). Because the ruling is discretionary, it is presumed to be correct and the burden rests on the complaining party to prove otherwise. *Id.* There was no abuse of discretion in the amount of attorney's fees awarded. Husband's third point is denied.

That part of the judgment awarding wife "maintenance in gross" is affirmed as modified, and the remainder of the judgment is affirmed. The cause is remanded for the court to proceed in a manner not inconsistent with this opinion.[1]

ROBERT G. DOWD, JR., J. and CHARLES B. BLACKMAR, SR. J., concur.

---

1. We remand this case to the trial court to afford it the opportunity to address other orders pertaining to the maintenance award set forth in the decree of dissolution.