Keith Alen **HALL,** Petitioner– Appellant,

v.

Sandy Lorraine **HALL,** Respondent– Respondent.

No. 27456.

Missouri Court of Appeals, Southern District, Division One.

Aug. 8, 2006.

---

Randy J. Reichard, Springfield, for Appellant.

Daniel E. Kirsch, Crane, for Respondent.

Before J. PARRISH, J. SHRUM, and P.J. RAHMEYER.

PER CURIAM.

This is an action for dissolution of marriage, wherein Keith Alen Hall ("Appellant") appeals from the judgment of the trial court entered December 27, 2005.[1] In the dissolution judgment, the trial court ordered Appellant to pay $300.00 per month to Sandy Lorraine Hall ("Respondent") as maintenance. After calculating its own Form 14, the trial court ordered Appellant to pay child support in the amount of $1,100.00 per month for the two children born of the marriage, Amy and Aaron.[2] On its Form 14, however, the trial court made no Line 1a addition to Respondent's gross income for maintenance being received and made no Line 2b deduction to Appellant's gross income for maintenance being paid.

█ The record on appeal was filed on April 6, 2006; the parties have not filed briefs in the matter. The parties have, however, filed with this Court a "Stipulation for Disposition of Appeal" and a "Joint Motion to Amend Judgment." The parties agree that the trial court erred when it failed to include the maintenance additions and deductions in its Form 14 calculations and ask this Court to amend the judgment to reflect their stipulation. Appellate courts may amend or modify child support judgments based on the parties' stipulations. *State, Div. of Family Services v. A.J.*, 872 S.W.2d 594, 598 (Mo.App. E.D. 1994).

█ We have reviewed the record and find that the parties are correct when they assert the trial court erred by not including maintenance adjustments in its Form 14 calculations. Failing to do so constitutes error. *Sarwar v. Sarwar*, 117 S.W.3d 165, 171 (Mo.App. W.D.2003). The

---

1. The trial court originally entered a judgment on September 26, 2005, but later amended that judgment after considering Appellant's timely authorized after-trial motion. It is from this "Order and Judgment" amending the original that Appellant appeals.

2. Amy was born September 27, 1990; once she becomes emancipated, the court ordered the child support amount reduced to $799 per month.

directions for completing the Form 14 provide:

"If the court is establishing both child support and maintenance, the court shall first determine the appropriate amount of maintenance. This amount shall be included as an addition to the gross income (line 1a) of the parent receiving the maintenance and as a reduction in the gross income (line 2b) of the parent paying the maintenance." DIRECTIONS, COMMENTS FOR USE AND EXAMPLES FOR COMPLETION OF FORM NO. 14, Lines 1a and 2b, A. COMMENT.

*Id.* Appellant was prejudiced by this error because proper calculations reduce his child support obligation for two children by $864 per year and by $636 per year for one child.

After examining the record and considering the parties' joint stipulation, we find that modifying the trial court's judgment will promote judicial economy as well as save time and expense for the parties and the trial court. *See Kiene v. Kiene,* 579 S.W.2d 849, 849 (Mo.App. W.D.1979). Pursuant to Rule 84.14,[3] this Court is authorized to enter the judgment that the trial court should have entered. Consequently, the trial court's judgment is modified to reflect the following: (1) the child support amount for two children shall be $1,028.00 per month, retroactive to August 1, 2005; (2) upon Amy's emancipation, the child support amount for Aaron shall be $746.00 per month; and (3) the Form 14 shall reflect the Line 1a addition ($300.00) and Line 2b reduction ($300.00).

The judgment is affirmed as modified.

---

3. All rule references are to Missouri Court Rules (2006), unless otherwise specified.