**In re the MARRIAGE OF Debbie Lynn TAYLOR and Willie James Taylor**

**Debbie Lynn Taylor, Petitioner–Respondent,**

v.

**Willie James Taylor, Respondent–Appellant.**

**No. 28170.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 14, 2008.

J.D. Baker, Baker Law Firm, L.L.C., of Osceola, MO, for Appellant.

Corey M. Swischer, Swischer Law Office, Nevada, MO, for Respondent.

J. EDWARD SWEENEY, Senior Judge.

Willie James Taylor ("Husband") appeals from a Judgment of Dissolution (the "Judgment") which dissolved his marriage to Debbie Lynn Taylor ("Wife"). Husband on appeal challenges awards to Wife of maintenance in gross, periodic maintenance, and attorney fees. He also maintains that the judgment was against the weight of the evidence. We affirm.

Husband and Wife were married April 20, 1989. The marriage was dissolved October 31, 2006. During the marriage, the parties had separated on two previous occasions. The separations, which occurred in 1989 and 1995, were a result of extramarital affairs on the part of Husband. On each occasion, there was a reconciliation based on a promise by Husband to Wife that he would not again be unfaithful.

From 1986 until 1999, Wife was employed in Sikeston, Missouri, at the Good Humor–Breyers ice cream factory. Wife

developed back problems which led to back surgery to repair two bulging discs in 1999. Wife returned to work but due to continued back pain, the parties agreed she should quit her work. In 1993, Wife was diagnosed with diabetes. Wife took insulin until 2004. Through successful dieting and exercise, Wife lost 100 pounds.

At the time of trial, Wife was not taking insulin, was walking three miles a day and maintaining a healthy diet. She was also working two part-time jobs. Wife was employed at the Community Center in El Dorado Springs, Missouri, and also provided cleaning services for the church she attends. Wife testified that she worked between twenty to twenty-five hours weekly at the community center checking out recreational equipment to customers, cleaning up spills, answering the phone, and taking reservations. She either stands or sits to do the job duties. Wife testified that she worked 6 to 8 hours weekly cleaning the church. Her job duties at the church included wiping down tables, cleaning the bathrooms, and some light vacuuming. She could take the entire week to do the cleaning as long as it was presentable for services. Wife testified that she did not believe that she could be employed in a job with more strenuous duties than what she had at time of trial. She stated that she did not believe that she could be employed as a convenience store clerk, fast food worker, landscaper, greenhouse worker, grocery store clerk, or a waitress. In addition to her two jobs, Wife was also babysitting her three-year-old granddaughter two nights a week.

During the marriage, Husband had worked as an over-the-road truck driver for Butler Transport. At the time of trial, Husband was residing in Indiana and working for a trash service company as a driver. Husband admitted that, immediately prior to the dissolution proceedings, he was intimately involved with a woman for whom he had purchased a $1,200.00 diamond cluster ring.

By the Judgment, Wife was awarded a 1993 Chevy S-10 Blazer, funds in an account at Liberty Bank in El Dorado Springs, clothing, personal belonging and effects, household furnishings, and two cemetery spaces. Husband was awarded a 1991 Ford F-150, funds held in an account at Transportation Alliance Bank, miscellaneous tools and clothing, personal belongings and effects. Wife was ordered to pay debts to Beneficial Financial, Target Visa, J.C. Penney, Cedar County Medical Mall, and Donald C. Payton, Jr., D.D.S., in the sum of $2,526.78. Husband was ordered to pay the debt to Kay's Jewelers of $700.00 for the diamond ring. The trial court awarded a judgment against Husband in the sum of $2,500.00 as and for maintenance in gross to aid Wife in paying the marital debt. The same could be paid at a rate of $200.00 per month. Husband was also ordered to pay Wife the sum of $550.00 per month as periodic maintenance and support. Wife was further awarded a judgment against Husband in the sum of $3,000.00 toward attorney fees.

Husband now raises four points on appeal. First, Husband claims the trial court erred in awarding Wife judgment against Husband for $2,500.00 maintenance in gross, or alternatively, if treated as a division of property, it required Husband to pay the marital debts twice since the debt payments are included in the calculation of reasonable needs for an award of periodic maintenance. Second, Husband claims the trial court erred in awarding Wife judgment against Husband for periodic maintenance in the amount of $550.00 per month, because such judgment for periodic maintenance was not supported by the evidence of Wife's need for maintenance in that the evidence did not

demonstrate that Wife could not meet her reasonable needs through appropriate employment. Third, Husband claims the trial court erred in awarding Wife judgment against Husband for periodic maintenance in the amount of $550.00 per month, because such judgment for periodic maintenance was not supported by the evidence and was against the weight of the evidence, in that the trial court abused its discretion in determining an amount that was excessive in light of Wife's needs and Husband's ability to pay. Fourth, Husband claims the trial court erred in awarding Wife judgment against Husband for attorney's fees of $3,000.00, because such judgment for attorney's fees was not supported by and was against the weight of the evidence, in that the evidence did not reflect Husband's greater ability to pay Wife's fees and Husband's conduct during the pendency of the action was not such as would justify an award of attorney's fees. All four points are discussed below.

## STANDARD OF REVIEW

The rules enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), govern review of this case. This court will affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

■■■ "On appeal of a dissolution of marriage proceeding, we review the evidence in the light most favorable to the trial court's decision." *Taylor v. Taylor*, 12 S.W.3d 340, 344 (Mo.App. W.D.2000). "The party challenging the dissolution decree has the burden of demonstrating error." *Id.* "We will affirm the trial court's decree unless there is no substantial evi-

dence to support the decision, the decision is against the weight of the evidence, or the decision erroneously declares or misapplies the law." *Id.* "A trial court 'is free to believe or disbelieve all, part or none of the testimony of any witness.'" *In re Marriage of Thompson*, 24 S.W.3d 751, 755 (Mo.App. S.D.2000) (quoting *In re Marriage of Stephens*, 954 S.W.2d 672, 675 (Mo.App. S.D.1997)).

## I.

In his first point on appeal, Husband claims the trial court erred in awarding Wife judgment against the Husband for $2,500.00 maintenance in gross, because such judgment for maintenance in gross is an erroneous declaration and application of the law, in that an award of maintenance in gross is not permitted by statute, or alternatively, if treated as a division of marital property, it requires the Husband to pay the marital debts twice since the debt payments are included in the calculation of reasonable needs for an award of periodic maintenance.[1]

■■ Husband correctly points out that the Missouri Supreme Court in *Cates v. Cates*, 819 S.W.2d 731, 738 (Mo. banc 1991), held that "maintenance 'in gross' is no longer recognized as a tool for providing economic sustenance under Section 452.335." However, *Cates* involved a property settlement agreement whereby husband agreed to pay wife $7,800.00 as maintenance "in gross," payable at a rate of $325.00 per month. *Id.* at 732–33. The principle issue was whether wife's remarriage terminated husband's obligation to continue making payments under the maintenance in gross award. *Id.* at 733.

---

1. For clarification purposes, we note Husband in Point I erroneously referred to Wife in the lower court as paying the debt twice when he clearly intended Husband in the lower court being required to pay the debts twice.

In *Jamison v. Jamison,* 828 S.W.2d 377 (Mo.App. W.D.1992), review was made of a similar award of maintenance in gross. A wife was awarded the marital home and a monetary judgment of $14,471.00, which represented the amount of the remaining mortgage on the marital home. *Id.* at 378. The trial court ordered that the monetary judgment could be satisfied by the husband making regular monthly mortgage payments due on the family residence until the debt was paid in full. *Id.* The trial court referred to the award as "maintenance in gross." *Id.* The appellate court noted that "[w]hile the nomenclature was inappropriate, the court's purpose was clear." *Id.* The *Jamison* court also stated that it was "obvious the trial court was attempting to divide the marital assets in an equitable manner." *Id.*

 In a dissolution action, the trial court considers marital debts when establishing a fair distribution of marital property. *Id.* at 379. In the instant case, the trial court stated in the Judgment that "[Wife] is awarded a judgment against [Husband] in the sum of $2,500.00 as and for maintenance in gross *to aid her in paying the marital debt.*" (emphasis added). While the trial court erroneously chose the term "maintenance in gross," it is clear that the court was considering marital debts when fairly distributing the marital property. Our concern lies with the correctness of the result, and not necessarily with the route taken. *Travis v. Travis,* 63 S.W.3d 296, 298 (Mo.App. E.D. 2001).

 In this same point, Husband alternatively alleges trial court error in that he contends he is paying marital debts twice, because the debt payments were also included in Wife's calculation of reasonable needs for an award of periodic maintenance. Husband would be correct unless the trial court considered the monthly expenses for marital debt and the $2,500.00 judgment was to aid Wife in paying said debts. It clearly appears the trial court considered those expenses. After examining Wife's testimony, it appears she had gross income from the Community Center employment and church cleaning of approximately $910.00 a month. Her reasonable expenses were approximately $1,565.00 per month. Wife testified that she was left with a shortfall of $779.00 per month. Wife stated that $217.35 of the monthly expenses went to Beneficial Financial, Target Visa, Dr. Payton, and J.C. Penney's. She was also to pay a debt to Cedar County Medical Mall, but, at the time of trial, Wife indicated she was not making monthly payments on the Cedar County Medical Mall account. Taking $217.35 from $779.00, the difference of $561.65 remains as a shortfall. The trial court ordered Husband to pay $550.00 each month. In reaching the $550.00 amount, the trial court clearly excluded the payments to Beneficial Financial, Target Visa, Dr. Payton, Cedar County Medical Mall, and J.C. Penney's by its award of "maintenance in gross" to Wife, full well knowing those debts would be paid and not be an ongoing expense. The total of the five debts Wife was to pay was $2,527.18. Husband was to pay Wife $2,500.00 to aid in the payment of marital debt. Accordingly, the judgment of $2,500.00 was in the nature of property division, and Husband was not required to pay for those debts twice. This was within the sound discretion of the trial court. *Id.* at 378–79.

Based on our review of the record, it is clear that the trial court intended to allocate the five various debts to Husband. As that allocation falls under the division of property, and not maintenance, the court erred when it used the terminology "maintenance in gross." However, that error may be easily cured. In *Jamison,*

the court was faced with a similar error on appeal. *Id.* at 378. The *Jamison* court reasoned that, since the trial court had already heard all the evidence in the case, there was no need for the trial court to rehear the issue. *Id.* at 379. Therefore, the court affirmed the judgment as modified and remanded the cause for the trial court to strike the words "maintenance in gross" from the judgment. *Id.* In accord with *Jamison,* we affirm the judgment except for the words "maintenance in gross," and remand the cause to strike the words "maintenance in gross" from the judgment.

Point one is denied.

## II.

In his second point on appeal, Husband claims the trial court erred in awarding judgment against Husband for periodic maintenance in the amount of $550.00 per month, because such judgment for periodic maintenance was not supported by the evidence of Wife's need for maintenance in that the evidence did not demonstrate that Wife could not meet her reasonable needs through appropriate employment.

■■■ The trial court can award maintenance only if it finds that the party seeking maintenance "(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) Is unable to support himself through appropriate employment[.]" Section 452.335.1.[2] This section requires the trial court to follow a two-part threshold test. The court must initially determine if the requesting party has sufficient property to meet his or her reasonable needs, and if they do not, then the court must examine whether or not the party's reasonable needs can be met through appropriate employment. *Childers v. Childers,* 26 S.W.3d 851, 854 (Mo.

App. W.D.2000). The spouse seeking maintenance has the burden of establishing the threshold requirements. *Comninellis v. Comninellis,* 147 S.W.3d 102, 106 (Mo.App. W.D.2004). After the court finds the threshold test has been satisfied, then the court may consider the statutory factors under Section 452.335.2 with respect to amounts and duration. *Monsees v. Monsees,* 908 S.W.2d 812, 817 (Mo.App. W.D.1995).

■■■ In this case, Wife established that (1) she lacked sufficient property, including marital property apportioned to her during the dissolution, to meet her reasonable needs; and (2) that she is unable to support herself through appropriate employment. Wife received a vehicle, bank account, clothing, personal effects, household furnishings, and two cemetery spaces. There was no income-producing property. The trial court heard extensive evidence as to the Wife's reasonable needs. According to Wife's testimony, her reasonable monthly expenses totaled $1,565.00. Her net income left her $779.00 short of her monthly expenses.

Husband strongly suggests Wife has not demonstrated she has sought appropriate employment or cannot undertake appropriate employment to meet her reasonable needs. Husband claims wife is an ablebodied woman with the potential of performing a full-time job. As already noted, Wife had back surgery for bulging discs in 1999. She returned to work, but due to back pain could not continue working, and with Husband's agreement, she discontinued employment. Wife ultimately made an $18,000.00 long-term disability settlement which she used to payoff a truck, furniture, and other debts. Wife still complains of back pain and takes medication for a thyroid condition. While not taking

---

**2.** Unless otherwise noted, all references to statutes are to RSMo (2000).

medication for her diabetes, she eats on a regular pattern to maintain blood sugar levels. Wife also claims to have neuropathy in her feet and knees.

Wife has a tenth-grade education and never obtained a GED. Prior to the dissolution, Wife had been out of the workforce for seven years.

Between the two jobs Wife held at the time of trial, she worked from twenty-six to thirty-three hours a week, earning $7.14 an hour at one job and about $8.00 an hour at the other. For her job at the Community Center, she was allowed to sit, stand, and move around, and, at her church position she could take whatever time she needed to do the cleaning. The trial court heard testimony from Wife concerning her limitations and back pain and her belief that she was not capable of being employed in a job with more strenuous duties than what she was doing. Wife testified that she would be unable to work as a waitress, at a fast food restaurant, do landscaping, or work at a greenhouse. Also, there was evidence from Freda Gonzales, Wife's sister, that Husband made a statement relative to Wife's health in December of 2004, that "I need to get more life insurance because if something should happen to me she is not able to work and if something happens to her I can keep working."

Husband also suggests that income ought to be imputed to Wife who baby sits for her daughter free of charge. However, such babysitting is from midnight until noon, two times a week. Obviously, the child would be sleeping more than half the time. There was no evidence offered by Husband as to babysitting opportunities in El Dorado Springs, and in light of Wife's daughter's testimony of Wife not playing on the floor with her own grandchildren, it is questionable whether or not she would be suitable to baby sit other children.

From the time of the separation in May 2005, to March 2006, Wife received $3785.00 in financial assistance from her sisters, Veda Barger, Freda Gonzales, Vickie Young, and their spouses. Wife further received financial assistance from her church in the sum of $3,835.00. These monies were used to pay off debts and for living expenses. The trial court heard substantial evidence that Wife was unable to meet her reasonable needs through appropriate employment. Further, based on Wife's age, her physical limitations, period of time out of the workforce, a tenth-grade education, and no GED, the trial court had substantial evidence to find Wife would not be able to acquire sufficient education or training to enable her to find appropriate employment in the future.

Point two is denied.

### III.

In his third point on appeal, Husband claims the trial court erred in awarding Wife judgment against him for periodic maintenance in the amount of $550.00 per month, because such judgment for periodic maintenance was not supported by the evidence and was against the weight of the evidence, in that the trial court abused its discretion in determining an amount that was excessive in light of Wife's reasonable needs and Husband's ability to pay.

Under Section 452.335.2, the court, in determining the amount and duration of a maintenance award, may consider all relevant factors including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently[;]

(2) The time necessary to acquire sufficient education or training to en-

able the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

Husband claims multiple factors demonstrate that the trial court abused its discretion by awarding maintenance that is clearly excessive and outside Husband's ability to pay.

Husband again raises error under Point I regarding the trial court including debt payments in the calculation of Wife's reasonable needs and also awarding maintenance in gross. Having fully treated this matter in Point I, we will not reconsider same.

Husband next reasserts his argument under Point II that the trial court's finding that Wife cannot support herself through appropriate employment is not supported by the evidence. Having fully discussed this matter in Point II, we again decline to revisit same.

Husband suggests that the standard of living serves as an important guide in computing the spouse's reasonable needs although it is not an exclusive factor.

*Barton v. Barton,* 157 S.W.3d 762, 766 (Mo.App. E.D.2005). Husband correctly states that the amount of maintenance awarded is not required to be of an amount that permits the spouse to maintain the same standard of living that was enjoyed during the marriage and is not required to be sufficient to meet all the needs of the spouse. *Holland v. Holland,* 865 S.W.2d 867, 870 (Mo.App.S.D.1993). Regarding her standard of living, Wife testified, when asked:

Q. . . . Is it comparable to the lifestyle you were living when your husband was there and you were having the benefit of his earnings?

A. Oh, no.

Q. What have you had to give up?

A. I've had to be very careful with water usage and electric usage and watching, you know, my food bills and things like that a lot closer, clothing. Going out, you know, I don't go out to eat any more or go shopping or anything like that that's kind of fun.

Wife testified she could not afford cable TV, magazine subscriptions, newspaper subscriptions, or any recreational expenses (neither did she ask for monies for those items). The trial court's finding that Husband was employed at Butler Transport, Inc. at a wage of $3,680,00 per month and that he voluntarily terminated same supports a finding Wife was no longer able to live according to what she had become accustomed to during the marriage. Wife presented extensive evidence of her claimed expenses in the aggregate amount of $1,565.30. Wife testified that, with her current income, she was $779.00 short on her expenses every month. The record supports a finding that Wife's claimed expenses constituted her reasonable needs for purposes of determining the appropriateness of maintenance.

■ Husband challenges the trial court's determination as to his ability to pay $550.00 per month. He testified that he earned $480.00 a week at the time of trial, or approximately $2078.00 a month. However, the evidence at trial showed Husband was receiving ten hours of overtime a week, and thus his gross wage was $2,680.00. Moreover, there was substantial evidence by which the trial court could have imputed income to Husband as an over-the-road truck driver earning $3,680.00 per month, who voluntarily terminated that employment due to an extramarital affair. "In proper circumstances, a trial court may impute income to a party according to what that party could earn by using best efforts to gain employment suitable to his or her capabilities." *Krepps v. Krepps*, 234 S.W.3d 605, 612 (Mo.App. W.D.2007). One such circumstance occurs where one party voluntarily reduces his income without justification. *Id.*

Husband claims that he is unable to meet his own needs if required to pay maintenance. He testified that his total monthly expenses were $1460.16. He also testified that he makes a monthly payment of $90.00 to Kay's Jewelers for a diamond cluster ring he purchased for the woman he left his wife for and who shares expenses with him. With Husband's present employment, including overtime, or imputed employment income as an over-the-road truck driver, Husband has the ability to pay $550.00 periodic maintenance. Substantial evidence was presented on the relevant factors under the maintenance statute. Wife established her reasonable needs. Husband has the ability to pay as ordered.

Point three is denied.

## IV.

In his fourth point on appeal, Husband claims the trial court erred in awarding Wife judgment against Husband for attorney's fees in the amount of $3,000.00, because such judgment for attorney's fees was not supported by and was against the weight of the evidence, in that the evidence did not reflect Husband's greater ability to pay Wife's fees and Husband's conduct during the pendency of this action was not such as would justify an award of attorney's fees.

■ "The trial court has broad discretion to award attorney's fees in a dissolution proceeding, and an award of attorney's fees is presumed to be correct on appeal." *Goins v. Goins*, 224 S.W.3d 69, 72 (Mo.App. E.D.2007). The party disputing the award of attorney's fees must demonstrate that the award was clearly against the logic of the circumstances and so arbitrary and unreasonable so as to shock one's sense of justice. *Id.*

■ Under Section 452.355.1, the court:

... after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding ... and for attorney's fees[.]

■ Husband has not contested the reasonableness of the fees but rather his ability to pay them and further asserts his conduct during the pendency of this action was not such as would justify an award of attorney fees. "One spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse." *In re Marriage of Maninger*, 106 S.W.3d 4, 13 (Mo.App. E.D.2003). "A trial court may also consider a spouse's conduct during the marriage in determining attorney's fees." *Id.* Husband is employed and earn-

ing $2,680.00. He had previous employment which he voluntarily terminated and was earning $3,680.00 per month. Wife works two part-time jobs and earns $910.00. Wife relies on Husband's monthly maintenance payments to meet her reasonable needs. At trial Husband admitted that one of the reasons he left his wife was because of another woman. Husband is earning almost three times more than Wife and is capable of earning four times that of Wife. Based on Husband's greater ability to pay and Husband's conduct during the marriage, the trial court did not err in ordering Husband to pay Wife $3,000.00 in attorney fees.

Point four is denied.

The judgment of the trial court is affirmed except for the words "maintenance in gross," and the cause is remanded for the court to strike the words "maintenance in gross."

LYNCH, C.J., and RAHMEYER, J., concur.