**Michael SCHUH, Petitioner/Appellant,**

v.

**Kristen SCHUH,**
**Respondent/Respondent.**

No. ED 90549.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 4, 2008.

Rehearing Denied Dec. 9, 2008.

Charles A. Pirrello, Manchester, MO, for appellant.

Steven Mark Davis, Davis & Appelbaum, P.C., Arnold, MO, for respondent.

## OPINION

MARY K. HOFF, Judge.

Michael Schuh (Husband) appeals from the trial court's Judgment and Decree of Dissolution Nunc Pro Tunc (Judgment) entered in favor of Kristen Schuh (Wife) on Husband's Petition for Dissolution of Marriage. We affirm as modified pursuant to Rule 84.14.[1]

*Factual and Procedural Background*

Husband and Wife were married on January 24, 1998. Two children were born of the marriage: a girl, born October 6, 2001, and a boy, born October 2, 2004. Husband and Wife subsequently separated and filed cross-petitions for dissolution of the marriage in 2005.

Neither party requested findings of fact and conclusions of law prior to the hearing on their petitions for dissolution. After the hearing, in which both Husband and Wife testified and presented evidence, the trial court entered its Judgment.[2]

The trial court found that Wife's monthly income capability was $1,387.00, even though she was earning less than that amount at the time of the hearing, and that Husband's gross monthly income was $4,747.00. In accordance with a parenting plan, the trial court granted Husband and Wife joint physical and legal custody of the children, ordered that the children would primarily reside with Wife, granted Husband temporary custody and visitation, and ordered Husband to pay Wife $872.85 per month in child support, finding that the child support award equaled the presumed amount of child support under Form 14.

The trial court also ordered Husband to pay Wife modifiable maintenance in the amount of $200.00 per month and "lump sum maintenance" in the amount of $23,642.50. The trial court did not specify how or when the "lump sum maintenance" would be paid. The trial court awarded Husband the marital home, noting that Wife had agreed to accept $17,500 as her share of the home's equity. In dividing the parties' personal property and debt, the trial court concluded that Husband and Wife would be solely liable for their current property and debt and for their own

---

1. Missouri Supreme Court Rule 84.14 provides: "The appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case."

2. After the trial court entered its original judgment and decree of dissolution, Wife filed a Motion Nunc Pro Tunc to amend the judgment due to a clerical error. The trial court granted the motion, corrected the error, and entered its Judgment. It is the corrected Judgment from which Husband appeals.

attorney's fees and litigation expenses though the trial court "considered [Wife's] request for contribution of attorney fees in her award of maintenance." Husband subsequently filed a motion for new trial, which the trial court denied after argument. This appeal followed.[3]

### Standard of Review

Our review of a court-tried case is governed by the principles announced in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976); *In re Marriage of Taylor*, 244 S.W.3d 804, 808 (Mo.App. S.D.2008). We will not disturb the trial court's determinations unless they are not supported by substantial evidence, are against the weight of the evidence, or the trial court erroneously declared or applied the law. *Evans v. Evans*, 45 S.W.3d 523, 526 (Mo. App. W.D.2001). We review the evidence in the light most favorable to the judgment and disregard all evidence to the contrary. *Id.* We review the trial court's division of property, grant of maintenance, and award of attorney's fees for abuse of discretion; thus, we will not disturb the trial court's decision unless it has abused that discretion. *Id.*

### Discussion

Husband presents three points on appeal, all of which turn on the propriety of the trial court's award of "lump sum maintenance." For ease of understanding and clarity, we set out each of the points with its corresponding rule of law before discussing our analysis.

■ In his first point, Husband claims the trial court erred in its calculation of child support by failing to include the award of $200.00 monthly maintenance in

its Form 14 calculation and by failing to specify the terms for payment of the award of "lump sum maintenance," which also should have been included on the Form 14.

This Court was not provided with the Form 14 relied upon by the trial court in calculating child support. Rule 81.12(a)[4] provides that the record on appeal "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." The failure to substantially comply with Rule 81.12 preserves nothing for review. *In re Marriage Weinshenker*, 177 S.W.3d 859, 862 (Mo. App. E.D.2005). Here, it was Husband's duty to compile the record for our review of any questions he presented, including the Form 14 used by the trial court to calculate his child support obligation. Rule 81.12(c); *Northern v. Northern*, 837 S.W.2d 579, 580 (Mo.App. S.D.1992). Because the Form 14 was not provided as part of the record on appeal, as required by Rule 81.12, we lack the ability to properly review Husband's claim of error and must dismiss this point. Point dismissed.

■ In his second point, Husband claims the trial court erred in awarding Wife "lump sum maintenance" because the judgment failed to specify the time or manner of payment, thereby making the award indefinite and unenforceable.

In his third point, Husband claims the trial court erred in awarding Wife "lump sum maintenance" as a means of dividing the parties' marital property and awarding Wife attorney's fees because the evidence in the record showed that the marital property being divided, i.e., the marital

---

3. Wife did not file a brief on appeal in this case.

4. All rules references are to Missouri Supreme Court Rules 2008, unless otherwise indicated.

home, was no longer owned by or in the possession of either party at the time of the hearing because it had been foreclosed upon.

Our review of the points on appeal is limited given the record before us. During her testimony at the hearing, Wife requested $17,500 for her share of the equity in the marital home and $6,142.50 for her attorney's fees, totaling $23,642.50, which was equal to the award of "lump sum maintenance" the trial court ordered. The trial court's Judgment stated that Husband and Wife "shall be solely liable for their attorneys fees and litigation expenses previously incurred by themselves" but the trial court "considered [Wife's] request for contribution of attorney fees in her award of maintenance."

■ In this case, it is clear that the trial court intended for the "lump sum maintenance" to be a division of property given the trial court's purpose to divide the marital assets in an equitable manner and to award attorney's fees to Wife. *See* Section 452.335.1 [5]; *see also Cates v. Cates,* 819 S.W.2d 731, 735 (Mo.banc 1991); *Evans,* 45 S.W.3d at 527. Accordingly, given the record before us and our standard of review, we find no abuse of discretion in the amount of the trial court's award of "lump sum maintenance," even though this characterization of the award was incorrect. *See Leightner v. UMB Bank, N.A.,* 108 S.W.3d 699, 702 (Mo.App. E.D.2003). Furthermore, we acknowledge that the trial court has broad discretion in awarding or denying attorney's fees in dissolution proceedings, and its ruling concerning attorney's fees is presumptively correct. Section 452.355.1; *Craig–Garner v. Garner,* 77 S.W.3d 34, 39 (Mo.App. E.D.2002). Nevertheless, the trial court should have characterized the $17,500 award as a prop-

erty division and the $6,142.50 award as attorney's fees, not as "lump sum maintenance." *Evans,* 45 S.W.3d at 527.

In *Jamison v. Jamison,* 828 S.W.2d 377 (Mo.App. W.D.1992), the trial court inappropriately characterized the award of marital property and debt as "maintenance in gross" in its judgment. The Western District found that "[w]hile the nomenclature was inappropriate, the court's purpose was clear," but, since the trial court had already heard all the evidence in the case, there was no need for the trial court to rehear the issue. *Id.* at 378–79. Therefore, the Western District affirmed the judgment as modified and remanded the cause for the trial court to strike the words "maintenance in gross" from the judgment. *Id.*

■ We note that in *Hall v. Hall,* 198 S.W.3d 170, 172 (Mo.App. S.D.2006), an appeal from a dissolution judgment, the Southern District affirmed the judgment as modified pursuant to Rule 84.14 finding the appellate court was authorized to enter the judgment that the trial court should have entered. After examining the record and judgment in this case, we find that modifying the trial court's judgment will promote judicial economy as well as save time and expense for the parties and the trial court. *See Kiene v. Kiene,* 579 S.W.2d 849 (Mo.App. W.D.1979). Pursuant to Rule 84.14, this Court is authorized to enter the judgment the trial court should have entered. Therefore, in accord with *Jamison, In re Marriage of Taylor,* and *Hall,* we affirm the Judgment except to delete the term "lump sum maintenance" and to delineate that $17,500 is a marital property award and that $6,142.50 is an attorney's fees award to Wife from Husband.

5. All statutory references are to RSMo. 2000, unless otherwise indicated.

*Conclusion*

The Judgment is affirmed as modified.

BOOKER T. SHAW, Presiding Judge and KATHIANNE KNAUP CRANE, Judge, concur.