Margaret Leona **FISHER**, Decedent, and Shawn H. Garst, and Darlene S. Zolman, Co–Personal Representatives of The Estate of Margaret Leona Fisher, Respondents,

v.

James Lee **FISHER**, Appellant.

No. ED 91076.

Missouri Court of Appeals, Eastern District, Division Two.

March 10, 2009.

---

Kimberly D. Tyler, Bonne Terre, MO, for Appellant.

Eric C. Harris, Park Hills, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

James Fisher (hereinafter, "Husband") appeals from the trial court's judgment dissolving his marriage to Margaret Fisher (hereinafter, "Wife"). Husband raises three points on appeal. First, Husband challenges the division of marital property as inequitable. Second, Husband argues the trial court improperly used maintenance as a method of distributing marital property when it awarded Wife the marital home in lieu of permanent maintenance. Third, Husband argues that since the property award was substituted for maintenance, the trial court should have ordered the property transferred back to him upon Wife's death. We reverse and remand for further proceedings.

Husband and Wife were married on November 25, 1989. During the course of the marriage, Husband was employed as a drywall mudder and Wife was a homemaker. During the last seven years of the marriage, the parties testified they "divided up the house" and basically "ignored each other" so that they were "constructively separated" as of October 14, 2005. Wife filed for dissolution, and Husband moved out of the marital home in February 2007. Husband also retired from his employment at the age of sixty-two when he moved out of the marital home, indicating he would not have to pay Wife maintenance if he retired early.

The parties' only asset of value was the marital home. The parties stipulated the fair market value of the home was $162,500, with an outstanding mortgage of $55,145. Husband testified he wanted to sell the home and split the equity evenly

with Wife. Wife testified she wished to remain in the home and did not want it sold because she had lived there for fifteen years and it would hurt her immensely to leave. Wife asked to be awarded all of the equity in the home, which was approximately $106,900. Wife further requested fixed maintenance in the amount of $500.00 per month. Wife testified she would be willing to forego the maintenance request if she were awarded the equity in the home.

After adducing all of the evidence, the trial court issued its judgment on November 21, 2007. The trial court awarded Wife the marital home. The trial court also ordered Husband to pay modifiable maintenance to Wife in the amount of $500.00 per month.

Husband filed a motion for reconsideration or in the alternative a motion for new trial on December 17, 2007, claiming the property division was against the weight of the evidence. While the motion was pending, Wife died on January 2, 2008. The trial court permitted the personal representative of Wife's estate to be substituted as the party in the dissolution action. On March 5, 2008, the trial court found Husband's obligation to pay the modifiable maintenance award terminated by operation of law on January 2, 2008. After considering argument on Husband's motion with respect to the property division, the trial court denied his request for a new trial. Husband appeals.

■ We address Husband's second point first because we find it dispositive. In his second point, Husband argues the trial court abused its discretion in awarding Wife the marital home as a substitute for permanent maintenance. Husband argues it is improper to use maintenance as a method for distributing marital property and asks that the trial court's distribution be reversed.

■ "Maintenance should not be used as a mechanism to distribute marital property." *Booher v. Booher,* 125 S.W.3d 354, 357 (Mo.App. E.D.2004). Likewise, a "maintenance in gross" award or a lump sum judgment for maintenance is no longer recognized as a tool for providing economic sustenance under Section 452.335 RSMo (1986). *Cates v. Cates,* 819 S.W.2d 731 (Mo. banc 1991); *Jamison v. Jamison,* 828 S.W.2d 377, 379 (Mo.App. W.D.1992). In *Cates,* the Missouri Supreme Court reasoned:

> Because maintenance is founded on need, a maintenance award may extend only so long as the need exists. As the statute is cast, therefore, it would make little sense for the law to countenance a lump sum or "gross" award based on need which was not subject to modification. Thus, the dissolution of marriage statutes appear to contemplate a lump sum or gross payment only as a division of property.

*Cates,* 819 S.W.2d at 735.

Immediately after discussing the parties' monthly reasonable needs and imputing income to Husband, the judgment states, "In lieu of a permanent award of maintenance, the Court awards the marital home to Wife." Thus, it appears from the judgment the trial court disposed of the marital home as a replacement for maintenance, not as a division of property.

Wife surmises the trial court's choice of the words "in lieu of a permanent award of maintenance" was to explain its reasoning to a reviewing court that part of the purpose of the award was to help Wife be self-sufficient. While this is one interpretation, Wife also concedes this language may have been "slightly confusing" and should we determine the award of the marital home was "maintenance in gross" we can correct this error on appeal. Wife argues

the judgment can be affirmed as modified if we strike the words "in lieu of a permanent award of maintenance" per the holding in *Jamison v. Jamison*, 828 S.W.2d 377, 379 (Mo.App. W.D.1992). In *Jamison*, the Western District cured the error by striking the phrase "maintenance in gross" from the dissolution decree. *Id.* The *Jamison* court reasoned, "There is no need to retry the issues in this case because the trial court has heard the evidence and is in a position to enter a correct judgment." *Id.*

When examining cases where "maintenance in gross" was used as a means of distributing property, and the error was cured on appeal, the reviewing court found the trial court's intent was ascertainable. For example, in *Travis v. Travis*, 63 S.W.3d 296 (Mo.App. E.D.2001), the husband expended marital funds to pay off debt that was incurred prior to the marriage. *Id.* at 298. The wife requested reimbursement of those marital funds, and the trial court awarded "maintenance in gross" that corresponded precisely to that amount. *Id.* at 299. This Court found the trial court erred as a matter of law in naming this amount "maintenance in gross," in that, "[I]t is obvious that the court was attempting to set aside to wife funds expended by her during the marriage on husband's behalf. That allocation of debt falls under the division of marital property, not maintenance." *Id.*

Similarly, *In re Marriage of Taylor*, 244 S.W.3d 804 (Mo.App. S.D.2008), the trial court awarded the wife a judgment against her husband in the amount of $2,500.00 for "maintenance in gross to aid her in paying the marital debt." *Id.* at 809. The Southern District held, "[w]hile the trial court erroneously chose the term 'maintenance in gross,' it is clear that the court was considering marital debts when fairly dis-

tributing the marital property. Our concern lies with the correctness of the result, and not necessarily with the route taken." *Id.*

By contrast, the trial court in this case was not apportioning debt or dividing property. At trial, Wife requested fixed maintenance in the amount of $500.00 per month. Wife indicated she would be willing to forego the maintenance request if she were awarded the equity in the home. After adducing this testimony, the judgment states, *"In lieu of a permanent award of maintenance,* the Court awards the marital home to Wife." (emphasis added). Standing alone, this statement indicates this award was meant to serve as a replacement for maintenance, not as a means of apportioning marital debt or dividing marital property. Thus, we are unable to cure this defect as Wife urges in that the trial court erroneously applied the law when it awarded the marital home as a replacement for maintenance.

■■■ A statutory presumption exists that all property acquired by either spouse subsequent to the marriage is marital property. Section 452.330.2 RSMo (2000).[1] It is undisputed the marital home was purchased with marital funds by the parties during the course of the marriage. On remand, the trial court must consider a number of factors when dividing marital property pursuant to Section 452.330.1. Pertinent to this case, the relevant factors include: the economic situation of each spouse when the property is divided; how each spouse contributed to the acquisition of marital property including Wife's contribution as a homemaker; the value of nonmarital property awarded to each spouse; and the conduct of the parties during the marriage. *Dunnagan v. Dunnagan*, 239 S.W.3d 181, 189 (Mo.App. S.D.2007);

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

452.330.1. The division of marital property need not be equal, but it must be fair and equitable considering the circumstances of the case. *Id.* Husband's second point is granted.

■ In his third point, Husband argues that should we find the trial court erroneously awarded Wife the marital home as a substitute for permanent maintenance, then we must find the trial court abused its discretion when it determined only the modifiable maintenance ceased by operation of law when Wife died. Husband reasons the award of marital property was an additional form of maintenance that should have also ceased when Wife died; thus the marital home should revert back to him. We disagree.

As we stated with respect to Husband's second point, the trial court misapplied the law when it awarded Wife all of the equity in the marital home as a replacement for maintenance. Since Missouri no longer recognizes lump sum judgments as a tool for providing maintenance per *Cates*, we cannot allow Husband to receive a windfall from the trial court's error by directing the marital home and all of its equity revert back to him in the wake of Wife's death. Point denied.

Based upon our disposition of Husband's second and third points, we need not address his first point. The trial court is directed on remand to equitably divide the parties' marital property following the dictates of Section 452.330.[2] The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

ROY L. RICHTER, P.J., and
LAWRENCE E. MOONEY, J., concur.

2. We note the trial court incorporated by reference Wife's Joint Property Statement into the judgment which purported to divide the marital and non-marital property of the parties. The trial court awarded Wife the marital home, her vehicle, her personal bank account, and some of the home's furniture. The value of these assets was $165,785. Husband was awarded his vehicle, his personal bank account, and some personal property contained within the home. The value of these assets was $22,725. Without taking any debt or encumbrances against the marital property into account, this appears to have resulted in 88% of the marital assets awarded to Wife and 12% of the assets awarded to Husband. Keeping in mind the guidelines of Section 452.330 and Missouri precedent, we urge the trial court to reexamine this apparent inequitable division on remand.