Bertha PRUELLAGE, Administratrix of the Estate of John Pruellage, Deceased, Respondent,

v.

The DE SEATON CORPORATION, a corporation, Thirty-Five Seventeen Company, Inc., a Corporation, Ramos, Inc., a Corporation, George Ogilvy, Michael Ogilvy and A. C. Vyver, Defendants,

George Ogilvy, Appellant.

No. 50333.

Supreme Court of Missouri,

Division No. 2.

July 13, 1964.

Thompson, Mitchell, Douglas & Neill, Joseph P. Logan, H. Meade Summers, Jr., and Fred E. Arnold, St. Louis, for respondent.

Schwartz, Schwartz & Gilden, St. Louis, for appellant.

STOCKARD, Commissioner.

George Ogilvy has appealed from the order of the trial court reviving a judgment which had previously been entered against him. The total amount of the judgment with accrued interest thereon is $8,931.72. It is thus apparent that this court does not have appellate jurisdiction of this appeal by reason of the amount in dispute. Therefore, we must determine whether we have jurisdiction for some other reason.

Briefly stated, the facts are as follows: The original judgment was obtained against George Ogilvy and others on August 12, 1952. Thereafter Ogilvy was discharged in bankruptcy and the judgment was listed in the schedule of debts in the bankruptcy proceeding. On August 10, 1962, respondent filed her motion for a writ of scire facias to revive the judgment, which motion was sustained and the writ issued. Ogilvy answered thereto and alleged that (1) he was "not indebted to the judgment debtor or the purported assignee thereof;" (2) the obligation "has been paid;" and (3) he had been "adjudicated a bankrupt" and had "received

a discharge in bankruptcy." After a hearing the trial court entered its order reviving the judgment as prayed.

Appellant asserts in the jurisdictional statement in his brief that this court has jurisdiction because "among the points relied on by appellant here, and in the court below, are these: [1] That the judgment against appellant ignores and fails to give due legal effect to said bankruptcy discharge of appellant from said judgment indebtedness and so violates and contravenes the provisions of Article I, Section 8, Clause 4, of the Constitution of the United States under which the Congress of the United States is empowered to establish uniform laws on the subject of bankruptcies throughout the United States; and, further, [2] that the judgment of the trial court for the same reason also violates Article VI, Clause 2, of the Constitution of the United States under which it is provided that the Constitution of the United States and the laws of the United States "which shall be made in Pursuance thereof * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, [etc.]"

■ We need not rule whether the above statements, if made in a point relied on, would be sufficient to present for determination on this appeal constitutional questions within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S. See, however, the discussion and rulings in State ex rel. Doniphan Telephone Company v. Public Service Commission, Mo., 369 S.W.2d 572, and State ex rel. Missouri-Kansas-Texas Railroad Company v. Public Service Commission, Mo., 378 S.W.2d 459. In any event appellant did not timely present a constitutional question to the trial court. In his answer filed to the writ of scire facias he made no mention whatever of any constitutional question or issue. It has long been the rule that for a constitutional question to be preserved for appellate review it must have been raised at the earliest opportunity consistent with good pleading and orderly procedure. State v. Lock, 302

Mo. 400, 259 S.W. 116; State v. Brookshire, Mo., 325 S.W.2d 497, 500. This appellant did not do.

■ In addition to the above, there is no constitutional question presented in the points relied on in appellant's brief. Only two points appear in the brief, and they are in their entirety as follows: "By his discharge in bankruptcy the defendant-appellant was released and discharged from the scheduled judgment attempted to be revived against him herein," and "The court erred in ordering the judgment against appellant George Ogilvy revived subsequent to his release in bankruptcy." Civil Rule 83.05, V.A.M.R., provides that a brief shall contain "The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder; * * *." The questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered abandoned on appeal and no longer an issue in the case. A constitutional question is not presented for appellate review by mention only in the jurisdictional statement or by casual reference in the argument portion of the brief. See State v. Brookshire, supra, 325 S.W.2d at p. 500, and the cases there cited. We necessarily conclude that no constitutional question is presented for appellate review.

■ Appellant does not contend that this court has appellate jurisdiction on any other basis. Since the bankruptcy statutes are involved, a possible ground for appellate jurisdiction of this court might be that this is a case involving the "validity of a * * statute of the United States, or any authority exercised under the laws of the United States." See Art. V, Sec. 3, Constitution of Missouri. However, reference to the only points relied on, as above set out, shows that no such issue is there presented. In addition, appellant does not challenge or question the validity of the bankruptcy statute or the validity of any act done under the authority

of a law of the United States. On the contrary, he relies on their validity. Therefore, appellate jurisdiction in this court cannot exist on this basis. See Salzwedel v. Vassil, Mo., 347 S.W.2d 218.

We necessarily conclude that this court does not have jurisdiction of this appeal, and for that reason the case is transferred to the St. Louis Court of Appeals.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.