Vanessa Renee TICE, Petitioner–
Respondent,

v.

Scott Allen TICE, Respondent–Appellant,

and

Jason Robert Tice and Peggy Virginia Tice, Intervenors–Appellants.

No. 18584.

Missouri Court of Appeals,
Southern District,
Division Two.

March 15, 1994.

Scott B. Tinsley, James R. Sharp, Wear, Nelms & Sharp, Nancy Steffen Rahmeyer, Pratt & Fossard, Springfield, for respondent-appellant.

Andrew K. Bennett, Gannaway, Fiorella, Cummings & Bennett, Springfield, for petitioner-respondent.

FLANIGAN, Presiding Judge.

The marriage of Vanessa R. Tice and Scott A. Tice was dissolved by a decree entered April 14, 1992, which granted Vanessa primary physical custody of the son born of the marriage. The decree gave visitation rights to Scott and Scott's parents, Jason and Peg-

gy Tice ("the grandparents"). Prior to the entry of the decree, the trial court sustained the motion of the grandparents to intervene. The motion sought "orders of specific visitation rights" with the child.

On May 18, 1992, an order changed the visitation arrangements, and Scott and the grandparents appealed from that order. This court affirmed the order. *Tice v. Tice,* 850 S.W.2d 419 (Mo.App.1993).

The instant appeal, by Scott and the grandparents, is from the trial court's order of December 4, 1992, which awarded attorney's fees and expenses in the amount of $3,000 in favor of Vanessa and against Scott and the grandparents. In this court, Scott and the grandparents appear by separate counsel who join in a single brief.

The grandparents' sole point is that the trial court lacked jurisdiction to enter the order against them, "in that Section 452.355 RSMo permits taxing of attorney fees against [Vanessa] or [Scott] only, and although intervenors were litigants, they were third parties and no other statute provides for such an award against third parties."

■ On this appeal this court confines its review to the "points relied on." Rule 84.-04(d).[1] *Kurtz v. Fischer,* 600 S.W.2d 642, 645[1] (Mo.App.1980). "The questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered abandoned on appeal and no longer an issue in the case." *Pruellage v. De Seaton Corporation,* 380 S.W.2d 403, 405[3] (Mo.1964). To similar effect see *Smith v. Welch,* 611 S.W.2d 398, 399[1] (Mo.App.1981). Matters which could have been raised, but were not, are neither mentioned nor considered.

■ Section 452.402, as amended in 1988, reads, in pertinent part:

"1. The court may grant reasonable visitation rights to the grandparents of the child and issue any necessary orders to enforce the decree. The court may grant grandparent visitation when:

(1) The parents of the child have filed for a dissolution of their marriage. A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights....

. . . . .

7. The court may award reasonable attorneys fees and expenses to the prevailing party."

A sufficient answer to the grandparents' point is that § 452.402.7 authorizes the award of reasonable attorney's fees and expenses to the prevailing party when, as here, grandparents of a child have intervened in an action for dissolution of marriage and the intervention is solely on the issue of visitation rights. The brief of the grandparents makes no mention of § 452.402. That brief makes no claim that Vanessa was not the prevailing party, nor does it claim that the amount of the award was unreasonable. The grandparents' point has no merit.

■ Scott's sole point is that the trial court abused its discretion in entering the order against him because "the evidence failed to establish that [Scott] was in a better financial position to pay [Vanessa's] attorney fees, in that [Scott] had income of $1,130 per month, had no savings, and was required to travel from Tyler, Texas, to Springfield, Missouri, to exercise visitation with the minor child of the parties, while [Vanessa] had chosen to live with her parents so she could pursue her education."

At the evidentiary hearing, which culminated in the order, Vanessa appeared in person and by counsel. Scott, who appeared only by counsel, presented no evidence.

Vanessa testified: I am going to school to get a degree of Licensed Practical Nurse. I will complete that degree in August 1993. My present income is $275 per month. As of June, I will not even have that income. I intend to borrow money from my mother until I can complete my education. I incur no expenses for mortgage, utilities and telephone because I am living with my parents. My income and expenses about balance out.

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

My attorney's fees for the appeal will be a minimum of $3,000, according to my attorney. I have an outstanding bill with my attorney which has not been fully paid. There is no money available for me to pay any attorney's fees. Scott is living in Texas and comes at least once a month to visit our child. I have no knowledge of Scott's financial situation.

"The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount ... for attorney's fees ..." § 452.355.1.

 This court presumes the award to be correct, and the burden rests on Scott to prove otherwise. *Pasley v. Patton*, 855 S.W.2d 385, 388[7] (Mo.App.1993). The trial court has broad discretion in awarding attorney's fees, *Vehlewald v. Vehlewald*, 853 S.W.2d 944, 950[17] (Mo.App.1993), and the award will be disturbed on appeal only upon a showing that the trial court abused that discretion. *Id.; In re Marriage of Gourley*, 811 S.W.2d 13, 22 (Mo.App.1991). The trial judge is considered an expert on the necessity, reasonableness and value of attorney's services. *Vehlewald*, 853 S.W.2d at 950[19].

Scott has not demonstrated that the trial court abused its discretion in making the challenged award. Scott's point has no merit.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.