·Reba Ann BURK, Petitioner–Respondent,

v.

**Larry Gene BURK, Respondent–Appellant.**

No. 20800.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 1996.

Timothy J. Corrigan, Corrigan, Crosby & Cantin, P.C., Springfield, for appellant.

Darryl Brent Johnson, Jr., Johnson & Johnson, Springfield, for respondent.

SHRUM, Judge.

In this dissolution of marriage case, Larry Gene Burk (Husband) appeals from the trial court's classification of certain real estate as being the nonmarital property of Reba Ann Burk (Wife). Although we agree with Husband that the subject property was marital and that the trial court erred in classifying it as Wife's separate nonmarital property, we note that Husband does not contend that the trial court's misclassification resulted in an unfair distribution of property or otherwise affected the merits of the action. Consequently, Husband has abandoned any claim that the trial court's error was prejudicial. Accordingly, we affirm.

Husband and Wife were married September 15, 1973, and separated May 13, 1995. Three children were born of their marriage. During most of their marriage, the parties lived on a forty-seven acre tract of land that was owned by Wife's parents. Husband and Wife paid no rent and lived on the tract gratis except for certain repairs and improvements which Wife claimed she made to the property. In October 1987, Wife's parents conveyed the forty-seven acre tract to both Husband and Wife. Wife testified that the conveyance resulted from her parents' decision to give land to all their children. At trial, Lillie Meadows, Wife's mother, testified that her husband was now dead but that while he was yet living, they had decided to give their children "their inheritance" because they wanted to see the children enjoy it. Lillie testified that Husband was named as a grantee because "we didn't know we could just put one name on it" and "[w]e thought we had to have the husband and wife." Herbert Meadows, Wife's brother, testified that "mom and dad divided the land between us five children" and that he was given ninety acres.

Husband testified that the forty-seven acres was deeded to both Wife and him and that "Mrs. Meadows [never] indicate[d] that that property was not being given to [him]." Contrary to Wife's testimony, Husband claimed that he had helped in improving the property and had helped remodel the house. He valued the real estate at $85,000.

The trial court found the real estate to be Wife's separate property and awarded it to her. It also found approximately ten guns to be Husband's separate property and awarded those to him. The trial court concluded that other personal property, valued at $53,-468, was marital property and essentially divided it equally between Husband and Wife. Wife was awarded custody of the children and Husband was ordered to pay child support but no maintenance.

Husband does not question any part of the trial court's judgment except its classification of the forty-seven acres as nonmarital. In that regard, we quote from his single point relied on:

> "The trial court erred in its application of the characterization of the [forty-seven acres] of ... real estate ... as separate property, when the parties testified and the deed reflects that the land was gifted to the parties as Husband and Wife during the lifetime of the Grantors."

Neither in his point relied on nor elsewhere in his brief does Husband contend that the alleged misclassification of these forty-seven acres resulted in an unfair distribution of property. Apparently, Husband assumes that a trial court's misclassification of property is reversible error as a matter of law. Any such assumption by Husband would be incorrect.

It is well settled that "the mere erroneous declaration of what is or is not marital property, where the decree is nonetheless fair, will not require a reversal." *In re Marriage of Garrett*, 654 S.W.2d 313, 316[1] (Mo.App.1983). *See also Spidle v. Spidle*, 853 S.W.2d 311, 316[4] (Mo.App. 1993); *Stephens v. Stephens*, 842 S.W.2d 909, 915[5] (Mo.App.1992). Appellate courts do not reverse any judgment unless they find that the error committed by the trial court against the appellant materially affected the merits of the action. *Spidle*, 853 S.W.2d at 316; *In re the Marriage of Jennings*, 910 S.W.2d 760, 765[7] (Mo.App 1995); Rule 84.13(b).

We agree with Husband that the forty-seven acre tract should have been classified as marital property and that his point,

insofar as he develops it, is valid. A gift to both spouses is presumed to be marital property. *Forsythe v. Forsythe*, 558 S.W.2d 675, 678[3] (Mo.App.1977). "The proof to overcome this presumption must be so clear that no reasonable doubt can be entertained of its truth, and the evidence must be so cogent and compelling as to exclude reasonable doubt from the trial court's mind." *Weast v. Weast*, 655 S.W.2d 752, 755[8] (Mo.App.1983), *overruled on other grounds by Giedinghagen v. Giedinghagen*, 712 S.W.2d 711, 714 (Mo. App.1986). This record contains no such proof. Although Lillie Meadows testified that as grantors of the forty-seven acres, she and her husband only intended to give Wife her inheritance and that they did not know "we could just put one name on it" and "[w]e thought we had to have the husband and wife[,]" such testimony is entitled to little weight. *See Stephens*, 842 S.W.2d at 914[3] (holding that grantor's mere self-serving testimony that he did not intend gift, although admissible, was entitled to little weight). Wife's evidence that her parents did not intend a transmutation of the real estate into marital property by gift is quite similar to that which has been held insufficient to rebut the presumption of a gift in analogous cases. *See, e.g., Stephens*, 842 S.W.2d 909; *Tracy v. Tracy*, 791 S.W.2d 924 (Mo.App.1990); *Weast*, 655 S.W.2d 752; *Forsythe*, 558 S.W.2d 675. We are convinced that the evidence was not sufficient to rebut the presumption of transmutation by gift and that the trial court erred in ruling otherwise.

Although Husband's point is legally sound, it does not require reversal as he does not contend that he was prejudiced by the error, i.e., that the division was unfair. On this appeal this court must, and does, confine its review to the "points relied on." Rule 84.04(d); *Tice v. Tice*, 872 S.W.2d 148, 149 (Mo.App.1994). " 'The questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered abandoned on appeal and no longer an issue in the case.' " *Id.* (quoting *Pruellage v. De Seaton Corporation*, 380 S.W.2d 403, 405[3] (Mo.1964)). Issues which could have been raised, but were not, are not considered. *Tice*, 872 S.W.2d at 149[1]. Husband has abandoned on appeal any claim that the property division was unfair or that the misclassification of the forty-seven acres was prejudicial.

As this court has authority to render "such judgment as the court ought to give," Rule 84.14, we exercise our discretion and classify as marital property the forty-seven acres awarded to Wife. *See In re Marriage of Welch*, 795 S.W.2d 640, 646 (Mo.App.1990); *In re Marriage of Dusing*, 654 S.W.2d 938, 945 (Mo.App.1983).

Judgment is hereby entered classifying as marital property the Southeast Quarter of the Southeast Quarter of the Northwest Quarter and the Northeast Quarter of the Southwest Quarter of Section 1, Township 25, Range 21, (Except all that part of the Northeast Quarter of the Southwest Quarter lying Southeast of the County Road, containing 3 acres, more or less), the land herein containing 47 acres, more or less, in Christian County, Missouri, SUBJECT to road easement across the Southeast Quarter of the Southeast Quarter of the Northwest Quarter of Section 1, Township 25, Range 21, as now laid out.

The judgment of the trial court, as modified, is affirmed.

CROW, P.J., and PARRISH, J., concur.