Pamela LUCKY, Claimant–Appellant,

v.

SEARS ROEBUCK AND COMPANY, INC., Employer,

Division of Employment Security, Respondent.

No. 21591.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 5, 1997.

Susanna Jones, Garrity and Jones, Joplin, for claimant–appellant.

Ninion S. Riley, Cynthia Quetsch, Mo. Div. of Employment Security, Jefferson City, for respondent.

SHRUM, Judge.

Pamela Lucky (Claimant) appeals from an order of the Labor and Industrial Relations Commission (Commission). Commission's order adopts and affirms a decision of the Appeals Tribunal of the Division of Employment Security (Division) that Claimant was disqualified for unemployment benefits. We affirm.

Claimant filed an application with Division for unemployment benefits. Her application recited that she had quit her job with Sears Roebuck and Company, Inc. (Sears). Sears protested her claim, saying that she "voluntarily quit" because she was "dissatisfied with job and duties." A deputy hearing officer for the Division found that Claimant was disqualified because "[she] left work with ... employer voluntarily without good cause attributable to her work or employer...."

Claimant appealed the deputy's decision. A referee for the Division's Appeals Tribunal, after hearing evidence, affirmed the deputy's decision. The referee's written decision included this:

"During the course of the claimant's employment, she filed a sexual harassment complaint against a co-worker. Thereafter she was instructed not to discuss ... the sexual harassment complaint in the work place. She was also warned regarding her work attendance. The claimant became upset during the meeting in which she received these warnings, walked off the job, and did not return."

. . . .

"The claimant left her work voluntarily.... The issue ... is whether or not her leaving was with good cause attributable to her work or to her employer. The immediate and direct cause for her leaving was the warning that she received on September 6, 1996. It is concluded that the warning to the claimant that she was not to discuss her sexual harassment complaint with co-workers and that she was required to attend to her work regularly was not an unreasonable action on the part of the employer. Therefore, it is concluded that the claimant left her work voluntarily on September 6, 1996, without good cause attributable to her work or to her employer."

Upon appeal to Commission, it adopted the decision of the Appeals Tribunal as its opinion. Claimant then filed her appeal with this court.

■ Claimant's single point relied on charges that the Commission erred in "failing to find good cause" for Claimant's leaving her employment. Claimant asserts that the "cumulative effect of [Sears'] failure to accommodate her serious hearing and speech problems coupled with fear of an employee she identified as a tormentor and the perceived hostility of other co-workers created an environment which threatened her health."

We need not, however, address Claimant's point. Claimant's argument focuses exclusively on incidents that allegedly occurred before September 6, 1996, and wholly ignores Commission's decision that the "immediate and direct cause of [Claimant] leaving work was the warning she received on September 6." Claimant's argument also completely disregards the Commission's finding that Sears' warnings to Claimant on September 6 and how they were given did not amount to "unreasonable action [by] the employer."

At the evidentiary hearing before Division, Claimant testified that she quit Sears because of the meeting on September 6. She also said that but for that incident, she would have continued to work at Sears.

"Q. [Appeals Referee] Is the reason you didn't go back [to Sears] because of the meeting on September 6?

"A. [Claimant] Yes.

. . . .

"Q. [Appeals Referee] If there had not been this meeting on September 6, would you have continued to work at Sears?

"A. [Claimant] Yes."

After arriving at the conclusion that the events of September 6 were the reason Claimant quit her job, the Commission examined whether those events were good cause for Claimant to quit her job. The Commission never decided, nor had reason to decide, whether factors other than the September 6 warnings constituted good cause for Claimant to terminate her employment at Sears.

■ The absence of appellate argument contesting Commission's findings about the September 6 meeting and warnings suggests that Claimant concedes the Commission was correct in its analysis. *See Tri–State Motor Transit Co. v. Holt,* 921 S.W.2d 652, 656 (Mo.App.1996). A question not presented in an appellant's brief " 'will be considered abandoned on appeal and no longer an issue in the case.' " *Tice v. Tice,* 872 S.W.2d 148, 149 (Mo.App.1994) (quoting *Pruellage v. De Seaton Corp.,* 380 S.W.2d 403, 405[3] (Mo. 1964)). Issues which could have been raised on appeal, but were not, are not considered. *Tice,* 872 S.W.2d at 149.[1]. We find this passage from *Barkley v. Carter County State Bank,* 791 S.W.2d 906 (Mo.App.1990) to be apropos:

" 'On appeal, a trial court judgment is presumed valid and the burden is appellants' to demonstrate incorrectness of the judgment.' *Delaney v. Gibson,* 639 S.W.2d 601, 604[4] (Mo. banc 1982). It is not proper for this court 'to become an advocate for the appellant and search for a basis to challenge' the trial court's findings. *Massman Construction Co. v. Kansas City,* 487 S.W.2d 470, 478[6] (Mo.1972). A respondent does not have the burden on appeal to establish the correctness of a judgment.

*Martin v. Norton,* 497 S.W.2d 164, 168[3] (Mo.1973)."

*Id.* at 915.

Here, the Commission found that the September 6 meeting and the warnings administered to Claimant on that date were the reasons she quit her job. The Commission also found that Sears' actions on that date were reasonable; consequently Claimant left her work voluntarily on September 6 "without good cause attributable to her work or to her employer." By detailed findings, the Commission clearly informed Claimant why it was deciding for Sears and denying her claim for unemployment benefits. On this appeal, Claimant has failed to attack those grounds or those findings.

The unchallenged finding leaves an independent basis for affirming the Commission's order denying Claimant unemployment compensation benefits. *See Barkley,* 791 S.W.2d at 915 (quoting *City of Lee's Summit v. Browning,* 722 S.W.2d 114, 115[1] (Mo.App. 1986)). *See also May Dept. Stores Co. v. County of St. Louis,* 607 S.W.2d 857, 868–69 (Mo.App.1980). Claimant fails to show that the Commission erred in its findings and decision.

In asking this court to decide that Claimant had good cause to leave her employment apart from the September 6 incident, Claimant requests a ruling on an abstract question that did not arise here. This court will not make such a decision. *See Air Evac EMS, Inc. v. Goodman,* 883 S.W.2d 71, 74 (Mo.App. 1994). We do not issue advisory opinions or decide nonexistent issues. *Id.* at 74[3]. Claimant's point is denied.

The decision of the Commission is affirmed.

PARRISH, P.J., and MONTGOMERY, C.J., concur.