**Christopher M. SHAW, Respondent,**

v.

**Tara Lynn SHAW, Appellant.**

**No. WD 75843.**

Missouri Court of Appeals,
Western District.

Nov. 5, 2013.

Dennis J. Campbell Owens, Kansas City, MO, for appellant.

Jacqueline Annette Cook, Kansas City, MO, for respondent.

Before Division One: ALOK AHUJA, P.J., THOMAS H. NEWTON, ANTHONY REX GABBERT, JJ.

ANTHONY REX GABBERT, Judge.

Tara Lyn Shaw ("Wife") appeals the circuit court's dissolution decree. Wife raises two points on appeal. First, she argues that the circuit court erred in failing to award her rehabilitative maintenance. Second, she argues that the circuit court erred in dividing equally the entire Employee Stock Option Plan ("ESOP") between her and Christopher W. Shaw ("Husband"). Wife contends that a por-

tion of the ESOP amount should be classified as non-marital property because she earned it prior to the marriage. We affirm.

## Statement of Facts

Husband and Wife began dating in 2004 during Husband's first year of medical school. During his second year of medical school, Wife moved to Sioux Falls, South Dakota and began working for Midland Insurance Company ("Midland") as an actuarial technician. In May 2007, prior to Husband's last year of medical school, Husband and Wife were married in Kansas City, Missouri. In June 2008, upon Husband's graduation, they moved to Omaha, Nebraska so that Husband could begin his residency. Wife continued to work for Midland, commuting from Omaha to Sioux Falls, in order to retain the value of the ESOP that had not vested. In December 2008, Midland permitted Wife to work full-time from home because Wife had given birth to the couple's first child earlier that year.

In 2009, the Shaws moved to Kansas City after Husband decided to do an orthopedic surgery residency. They purchased a home in Kansas City and Wife continued to work from home for Midland. By the beginning of 2011, Wife had decreased her hours to 20–25 hours a week. Midland contacted Wife to see if she could increase her hours. Upon Wife's refusal, Midland told her that she had been removed from the current project she was working on but retained her on a part-time basis conducting benchmarking.

In August or September 2011, Husband and Wife separated. In December 2011, Wife filed for dissolution of marriage in Johnson County, Kansas but the action was dismissed. Husband filed for dissolution of marriage in Jackson County, Missouri on January 19, 2012. The trial court divided the assets between Husband and Wife. The trial court granted joint legal and physical custody of their two minor children and ordered Husband to pay child support, the children's dental and health insurance, and all parochial pre-school, grade school and secondary education for the minor children. The trial court did not award Wife maintenance, concluding that she failed to meet the threshold requirements to receive maintenance. The trial court entered its judgment on August 27, 2012.

On September 26, 2012, Wife filed a Motion for New Trial asking the trial court to grant the motion in order to receive new evidence. Wife also filed a Motion to Amend the Decree. On October 26, 2012, Wife filed Suggestions in Support of Motion for New Trial and Motion to Amend the Decree. On November 15, 2012, the trial court denied all pending post-trial motions. Wife appeals.

## Standard of Review

A trial court's judgment will be affirmed unless it is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The party challenging the dissolution decree has the burden of demonstrating error." *In re Marriage of Taylor*, 244 S.W.3d 804, 808 (Mo.App.2008) (quoting *Taylor v. Taylor*, 12 S.W.3d 340, 344 (Mo. App.2000)). "Atrial court is free to believe or disbelieve all, part, or none of the testimony of any witness." *In re Marriage of Taylor*, 244 S.W.3d at 808. "We view the evidence in the light most favorable to the decree, disregard evidence to the contrary, and defer to the trial court even if the evidence could support a different conclusion." *Sweet v. Sweet*, 154 S.W.3d 499, 503–04 (Mo.App.2005). We review the tri-

al court's decision on maintenance and division of property for an abuse of discretion. *Schuh v. Schuh*, 271 S.W.3d 35, 37 (Mo.App.2008). "An abuse of discretion will be found only where the award is 'clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration[.]'" *Sweet*, 154 S.W.3d at 504 (quoting *Goodin v. Goodin*, 5 S.W.3d 213, 216 (Mo.App.1999)).

### Rehabilitative Maintenance

■ In her first point on appeal, Wife argues that the circuit court erred in failing to award her rehabilitative maintenance because Wife supported Husband and the children while Husband finished medical school and completed his two medical residencies. She contends that her career and future earnings were curtailed because she stayed home to take care of the children, and that awarding her rehabilitative maintenance would permit her to advance her education to financially better herself and the children. We find no error.

In determining whether there is a need for maintenance, Section 452.335.1, RSMo 2000[1] requires that the trial court follow a two-part threshold test. *In re Marriage of Taylor*, 244 S.W.3d at 810. The trial court must find Wife both lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs and is unable to support herself through appropriate employment. *Id.*; § 452.335.1. Wife had the burden of establishing those threshold requirements at trial because she was the one seeking maintenance. *In re Marriage of Taylor*, 244 S.W.3d at 810.

While the court found that Wife failed to establish either threshold requirement, Wife failed, on appeal, to address the court's conclusion that she had sufficient property to provide for her reasonable needs. Furthermore, Wife argues that the court should have awarded her rehabilitative maintenance in order for her to obtain an advanced degree, yet there is nothing in the record indicating that, at trial, Wife requested rehabilitative maintenance for the purpose of pursuing an advanced degree. It wasn't until Wife filed Suggestions in Support for New Trial and Motion to Amend Decree that Wife's desire to return to school to earn a master's degree was made known. Regardless, there is substantial evidence on the record to support the court's conclusion that with Wife's current education and experience that Wife is able to support herself through appropriate employment.

■ "Courts can award rehabilitative maintenance where a party needs further training or education to become self-supporting." *Isakson v. Isakson*, 277 S.W.3d 784, 786 fn. 2 (Mo.App.2009) (citations omitted). Here, Wife obtained a bachelor's of science degree in mathematics from the University of Missouri–Kansas City and had been employed in the insurance industry as an actuarial technician, as well as performing benchmarking and insurance software updating. While working full-time in the insurance industry, Wife earned $37,620 in 2009 and $38,500 in 2010. Wife testified that with her education and experience there is full-time employment available for her in the greater Kansas City area at an estimated gross yearly income of at least $30,000. Wife testified that since the separation she had not sought full-time employment other

---

1. All statutory references are to the Missouri Revised Statutes 2000 unless otherwise noted.

than posting her resume on Career Builder.[2]

At the time of trial, Wife was working three part-time jobs earning $1,401.52 a month. According to the record, these part-time jobs do not equal one full-time job in terms of combined hours or pay. The record reflects that Wife works six to ten hours a month at Midland making twenty dollars an hour. Wife also works four hours a week at the local gym as yoga and spinning instructor earning twenty-one dollars an hour, except for weeks she picks up extra classes. Lastly, Wife also works for her brother-in-law's company as a recruiter for engineering and construction companies. The record is silent on exactly how many hours a week this job entails. When Wife works in this capacity, she searches various websites, such as LinkedIn and CareerBuilder, from home looking for potential candidates. She then passes on the potential candidates to her brother-in-law who then passes that information on to the engineering and construction companies. If the candidates are hired, Wife is paid a commission of the percentage of the hired candidate's first year salary. In 2011, Wife earned no commissions from this employment. In the first part of 2012, the record reflects that Wife placed two candidates.

Next, while Wife claimed that her personal monthly expenses were $1,730 per month, the record reflects that her reasonable needs may be less than this amount. The record shows that Wife has access to free childcare by Husband's mother, whom Wife testified takes good care of the children and they have a good relationship with her. Wife currently lives with her parents rent free and pays no household expenses other than some groceries. Wife also testified that she only had one car payment left on the car she received as part of the court's division of the couple's marital property.

Therefore, considering all of the aforementioned facts particularly Wife's testimony regarding her present ability to obtain full-time employment at a salary of at least $30,000, there is substantial evidence on the record to support the court's conclusion that Wife was able to support herself through appropriate employment without obtaining an advanced degree. Thus, the court did not abuse its discretion by not awarding Wife maintenance because not only did Wife fail to address the court's conclusion that she has sufficient property to provide for her reasonable needs, but there is substantial evidence on the record that Wife is able to support herself through appropriate employment. Point one is denied.

### Employee Stock Ownership Plan

■ In Wife's second point on appeal, she argues that the circuit court erred in dividing Wife's ESOP retirement account as marital property. She contends that a portion of the account should have been set aside as non-marital property because she earned a portion of the money contributed to the account before the marriage. We find that because the dissolution decree is nonetheless fair, we need not determine whether the court erred in classifying the entire ESOP retirement account as marital property.

■ The circuit court is "vested with great flexibility in its division of mari-

2. Absent from the record is any evidence indicating that Wife is unable to work full-time. *See e.g., Taylor*, 244 S.W.3d at 810–11 (finding that Wife was unable to work full-time due to health condition); § 452.335.1(2) (recognizing that a "custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home").

tal property." *Laffey v. Laffey*, 4 S.W.3d 655, 659 (Mo.App.1999). "The division need not be equal but must be fair and equitable given the circumstances of the case." *Id.* We presume the circuit court is correct in its ruling and the party challenging the division carries the burden of overcoming that presumption. *Dowell v. Dowell*, 203 S.W.3d 271, 276 (Mo.App. 2006). Accordingly, "[t]his court will interfere only where the division is so unduly favorable to one party that it constitutes abuse of discretion." *Laffey*, 4 S.W.3d at 659. Additionally, a circuit court possesses broad discretion in identifying marital property. *Absher v. Absher*, 841 S.W.2d 293, 294 (Mo.App.1992). The burden is on the party who claims that the property is separate to overcome the presumption of marital property and show that it falls into one of the exceptions listed in Section 452.330.2. *See Kelly v. Kelly*, 340 S.W.3d 673, 678–79 (Mo.App.2011). Even if the circuit court errs in classifying property, "[i]t is well settled that 'the mere erroneous declaration of what is or is not marital property, where the decree is nonetheless fair, will not require a reversal.'" *Burk v. Burk*, 936 S.W.2d 144, 145 (Mo.App.1996) (quoting *In re Marriage of Garrett*, 654 S.W.2d 313, 316 (Mo.App.1983)).

Wife became an employee of Midland in 2005. As part of her employment, Midland deposited a portion of Wife's salary into an ESOP account each year. The ESOP required three years of employment in order to vest. At the time of the marriage in 2007, the ESOP account had not vested but contained $5,401.84. Since the ESOP had zero value until it vested, Wife continued to work at Midland even after the couple moved to Omaha, commuting back and forth between Sioux Falls and Omaha. At some point in time during the marriage, the ESOP account vested and was rolled over to a Roth IRA, which is now valued at $24,880.47. In its dissolu-

tion decree, the court concluded that the entire Roth IRA amount, including the entire ESOP amount, was marital property and would be divisible equally between Wife and Husband. However, Wife received the entire Roth IRA when the court divided the marital property because the court allotted a majority of the credit card debt to Wife.

Assuming, arguendo, that the court erred in classifying the entire ESOP account as marital property, the decree is nonetheless fair. *Burk*, 936 S.W.2d at 145. Wife received a car valued at $6,640, Wells Fargo IRA of $24,880.47, her funds from her personal bank accounts totaling more than $3,000, her life insurance policy with a cash value of $1,287.95, and some personal property. Wife also retained her jewelry, valued at $11,650, that was deemed to be non-marital property. Husband received the marital home with $4,420.78 in equity, personal property, bank and investment accounts totaling approximately $1,460, and a car valued at $3,523. Thus, it is clear that the division of property was not so unduly favorable to one party that it constitutes an abuse of discretion. *Poole v. Poole*, 977 S.W.2d 940, 944–45 (Mo.App. 1998). Moreover, even though the court classified all of the ESOP account as marital property, the court awarded Wife the entire ESOP account when it awarded her the entire Roth IRA amount. Therefore, even if the court erred in classifying all of the ESOP account as marital property, the decree was nonetheless fair. Point two is denied.

We conclude, therefore, that the circuit court did not abuse its discretion by not awarding Wife maintenance because Wife failed to address the court's conclusion that she has sufficient property to support her reasonable needs and there is substantial evidence on the record that Wife is able to support herself through appropri-

ate employment without obtaining an advanced degree. Further, we conclude that even if the court erred in classifying the entire ESOP account as marital property, Wife received the entire ESOP amount and the decree was nonetheless fair. We affirm the circuit court's judgment.

All concur.