

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| REBECCA ALPORT, | ) | |
| | ) | |
| Respondent, | ) | WD81421 |
| | ) | |
| v. | ) | OPINION FILED: April 9, 2019 |
| | ) | |
| JEFFREY ALPORT, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable J. Dale Youngs, Judge

Before Division Two: Edward R. Ardini, Jr., Presiding Judge, Alok Ahuja, Judge and
Gary D. Witt, Judge

Jeffrey Alport ("Jeffrey")[1] appeals from the judgment dissolving his marriage to

Rebecca Alport ("Rebecca"). Jeffrey argues that the trial court erred in not including the

legal descriptions for the real estate it divided and did not first award each of the parties

their nonmarital property prior to dividing the marital property. Jeffrey further argues that

the trial court erred in awarding wife certain property located in Florida and three of the

---

[1] Because Jeffrey Alport and Rebecca Alport share the same surname, we refer to each by their first name
for purposes of clarity. No familiarity or disrespect intended.

couple's multiple vehicles because these were his nonmarital property. The judgment is affirmed.

## Statement of Facts

Jeffrey and Rebecca were married on December 24, 2009, and separated on or about June 1, 2016. The parties had no children. Rebecca filed for a dissolution of marriage February 9, 2017. A bench trial was held August 24, 2017.

The trial court declined to award maintenance to Rebecca. As relevant to this appeal, Rebecca was awarded real property described in the judgment as "Residence located at 815 115th Avenue, Treasure Island, FL" ("Florida Property") and all the contents. Rebecca was also awarded a 1968 Chevrolet Camaro, 1985 Cadillac, 1996 Mercedes 500 SL, GMC Solstice, Lincoln MKX, and a Harley-Davidson Sportster. Jeffrey was awarded the remainder of the vehicles and four pieces of real property in the Kansas City area.

This appeal followed.

## Standard of Review

Appellate review of a dissolution judgment is under the standard of *Murphy v. Carron*, 536 S.W.3d 30, 32 (Mo. banc 1976). *Jenkins v. Jenkins*, 368 S.W.3d 363, 366 (Mo. App. 2012). We will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 366-67. The party challenging the dissolution judgment has the burden of demonstrating error. *Shaw v. Shaw*, 413 S.W.3d 332,334 (Mo. App. 2013). We view the evidence and any reasonable inferences therefrom in the light most favorable to the court's decision and disregard all contrary evidence and inferences. *Id.* We recognize that the circuit court was "free to believe or disbelieve all, part, or none of the testimony of any witness." *Id.* (citation omitted).

2

*Schutter v. Seibold*, 540 S.W.3d 494, 499 (Mo. App. W.D. 2018).

**Analysis**

Jeffrey raises four points on appeal. In his first point on appeal, Jeffrey argues that the trial court erred in not including the legal descriptions for the real estate in its judgment. In his second point on appeal, Jeffrey argues that the trial court erred in not distinguishing between marital property and nonmarital property in its judgment. In his third point on appeal, Jeffrey argues that the trial court erred in awarding the Florida Property to Rebecca as he owned the property prior to the marriage. In his fourth point on appeal, Jeffrey argues that the trial court erred in awarding Rebecca the 1967 Chevrolet Camaro, 1985 Cadillac Seville, and 1996 Mercedes 500 SL as they were also his premarital property.

**Point One**

In his first point on appeal Jeffrey argues that the trial court erred in not including the legal descriptions for the real estate divided between the parties. In the dissolution decree, the court described the real properties as: "815 115th Avenue, Treasure Island, FL; 2104 W. 125th Street, Leawood, KS; 13129 Birch, Overland Park, KS; 8605 Belleview, Kansas City, MO; The vacant lot in Shawnee, KS." Rebecca concedes that the trial court should have included the legal description of real property awarded in a dissolution in the Judgment.

The Eastern District of this Court has held that a full legal description of any real estate awarded must be contained in the dissolution judgment and failure to do so merits reversal under plain error review. *Roche v. Roche*, 289 S.W.3d 747, 758 (Mo. App. E.D. 2009). However, the court in *Roche* merely quotes and relies on earlier cases without

3

analyzing the history and reasoning of those holdings. The court in *Roche* relied on a line of cases that can be traced back to this Court's holding in *Fields v. Fields*, 584 S.W.2d 163 (Mo. App. W.D. 1979).[2] This Court in *Fields* relied on the Dissolution of Marriage Act of 1973 containing section 452.330[3] which was in effect at the time of the decision. The 1974 version of section 452.330.5 provided that "[a] certified copy of any decree of court affecting title to real estate *shall* forthwith be filed for record in the office of the recorder of deeds of the county and state in which the real estate is situate by the clerk of the court in which the decree was made, and the filing fees shall be taxed as costs in the cause." (emphasis added). When every judgment effecting real estate was required to be recorded, it was paramount that the proper legal descriptions be included. However, section 452.330.6 was subsequently amended and now provides that "[a] certified copy of any decree of court affecting title to real estate *may be* filed for record in the office of the recorder of deeds of the county and state in which the real estate is situated . . ." (emphasis added). Section 452.330 no longer requires that a decree effecting real estate be filed with the office of the recorder of deeds by the clerk of the court.

Under the current dissolution statutes, "our Supreme Court has held that Section 452.330.1's division of marital property and debts may be accomplished with respect to real estate either by including language in a decree sufficient to convey title without further action by the parties, or by ordering spouses to execute deeds of conveyance subject to

---

[2] The holdings in *Roche* as well as *Fields* and its progeny left the trial court in the impossible position of being required, subject to plain error review, to include the legal descriptions for all real property effected, even when the parties failed to provide the court with the necessary legal descriptions during the trial or settlement hearing.

[3] Effective January 1, 1974.

enforcement by a 'supplemental order decreeing the transfer of title or ... by contempt.'" *Parciak v. Parciak*, 553 S.W.3d 446, 457 (Mo. App. E.D. 2018) (citation omitted). In this case, the circuit court plainly did not intend the dissolution decree itself to effect the conveyance of the properties, since it ordered that "the parties shall each sign any necessary documents and take any necessary action to comply with the provisions of this judgment and/or to transfer title to any of the property awarded herein." The necessity of plain-error review is diminished in this case, where the dissolution decree was not itself intended to serve as a real-estate conveyance document. Plain error review was justified where the omission of the legal description from the judgment would impact the chain of title because the judgment was always recorded. However, this consideration is no longer an issue as divorce decrees are no longer *required* to be filed with the office of the recorder of deeds by the clerk of the court. Therefore, since the proposition of law promulgated by *Roche* regarding plain error review relies on a version of section 452.330 no longer in effect, it should no longer be followed.[4] Certainly if the parties wish to record the dissolution judgment, they may do so but it is now the obligation of the parties to provide the court with the legal description for all real estate effected. If the trial court fails to include the legal description in its judgment it is up to the parties to follow the dictates of Rule 78.07(c)[5], which was adopted after our ruling in *Fields*.

---

[4] In accordance with Supreme Court Operating Rule 22.01 and Western District Special Rule 31, our decision not to follow the previous decisions in *Roche v. Roche*, 289 S.W.3d 747, 758 (Mo. App. E.D. 2009) and *Fields v. Fields*, 584 S.W.2d 163 (Mo. App. W.D. 1979) and their progeny, has been reviewed and approved by this Court en banc.

[5] All rule references are to Missouri Supreme Court Rules (2018).

5

"In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c). Jeffrey did not file a post-trial motion to amend the motion court's judgment to allow the trial court to address any shortfall in its findings prior to raising the issue before us.

Further, a review of the entire record on appeal reveals no legal descriptions for any of the real properties in question. Neither party bothered to file the exhibits with this Court which were offered and received at trial for us to determine if the trial court even had the ability to include the legal descriptions of the real property in its judgment or if the parties wholly failed to place them in evidence before the trial court. Certainly the trial court has no duty to do its own investigation in order to obtain legal descriptions of the parties' real property, particularly when several of the properties are located in foreign states. In fact for a judge to do so would remove the trial court from its role as neutral arbitrator and make the judge an advocate for the parties. The trial court even provided each party with the opportunity to provide the court with a proposed judgment prior to the entry of the judgment below. The parties likewise failed to file those proposed judgments with this Court for us to determine if either party included the legal descriptions to the trial court in the proposed judgments.

It is further clear from the record that both parties knew exactly which real properties were intended to be awarded to each party by the trial court's judgment, as the parties themselves referred to each of the properties in a similar manner during their testimony before the trial court and in their briefs before this Court. It is perplexing to this Court why

6

the parties insist on going through the time, trouble and expense of this appeal, when this particular problem is easily solved by the parties' execution of proper quit claim deeds for each of the real properties without the need for any intervention by any court.

For all the reasons above, Point One is denied.

**Point Two**

In his second point on appeal, Jeffrey argues that the trial court erred in not first setting aside the nonmarital property to each party before dividing the marital property. Jeffrey argues that the trial court's judgment was required to first distinguish between marital and nonmarital property and set aside the nonmarital property to each party before dividing the marital property.

> Section 452.330, which governs the division of property in a dissolution proceeding, sets forth a two-step process that is to be followed by the trial court: (1) the court must first set aside to each spouse his or her nonmarital property; and (2) then divide the marital property and debts in such proportions as the court deems just.

*In re Marriage of Michel*, 142 S.W.3d 912, 920 (Mo. App. S.D. 2004). Findings should be made as to whether an asset is marital property subject to division or nonmarital property belonging to a spouse individually and not subject to division. *Id.* at 921.

However, prior to determining the merits of Jeffrey's point on appeal, we must determine if Jeffrey's claim of error was properly preserved for review. "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c). Again, Jeffrey did not file a

7

post-trial motion to amend the motion court's judgment to allow the trial court to address any shortfall in its findings prior to raising the issue before us.

Further, Jeffrey's entire analysis under Point Two is less than two pages in length and fails to direct this court to any particular piece of property that he believes was his nonmarital property but was improperly classified as marital property, let alone provide legal analysis as to why a particular piece of property was improperly classified. The single sentence in his brief addressing the classification of the marital property reads in total: "The Court's judgment in paragraphs 21, 22, 25, and 26 lumps all property together as if it is all marital property." Then concludes in the following sentence that therefore this Court cannot determine if the division of property is equitable. No further analysis is provided under this point on appeal to suggest that any specific property was improperly classified as marital property or how such a misclassification resulted in an inequitable distribution of the property. We cannot and will not meander through the record before the trial court to determine if the evidence would even support a finding that some of the property is nonmarital as to do so would place us in the role as an advocate for a party. *See Collins v. Hertenstein*, 90 S.W.3d 87, 98 (Mo. App. W.D. 2002). We presume the trial court determined all of the property to be marital property and properly divided it between the parties.

Because Jeffrey did not preserve this alleged error for appellate review and failed to properly present any relevant arguments to this court in support of this point, Point Two is denied.

## Points Three and Four

In Jeffrey's third point on appeal, he argues that the trial court erred in awarding the Florida Property to Rebecca because it was Jeffrey's nonmarital property. Jeffrey argues that the property was nonmarital property because it was bought prior to the marriage, never jointly titled, and there was no evidence that Rebecca contributed to the reduction of the mortgage or increased the value of the property. In Jeffrey's fourth point on appeal, he argues that the trial court erred in awarding Rebecca the 1967 Chevrolet Camaro, 1985 Cadillac Seville, 1996 Mercedes 500 SL because those cars were Jeffrey's nonmarital property. Jeffrey argues that it was against the weight of the evidence for the trial court to determine that those cars were marital property and to award them to Rebecca. For ease of analysis we address these points together.

We note that Jeffrey's entire analysis of both of these points on appeal consists of less than four pages and that Rebecca's brief relies solely on Rule 78.07(c) in response without ever addressing the limited substantive arguments that Jeffrey presents. We find both briefs to be woefully inadequate. Jeffery's briefing fails to cite any authority explaining the substantive legal standards for characterizing particular property as marital or nonmarital.

Jeffery cites to several exhibits in his brief which he alleges support some of his arguments on appeal, but he failed to file those exhibits with this court for our review. "Any exhibits not timely deposited may be considered by the court as immaterial to the issues on appeal." Rule 81.16. *In re Marriage of Brooke,* 773 S.W.2d 496, 498 (Mo. App. S.D. 1989) (Trial court's ruling is presumptively correct, and the appellant has the burden

9

to demonstrate otherwise.  Where the exhibits are lost or not filed with the appellate court and this prevents the court from determining the basis for the trial court's judgment, the judgment must be affirmed.).  Further, at oral argument, Jeffrey argues that the exhibits were attached to his brief.  However, "[d]ocuments attached to a party's brief that are not part of the legal file are not considered on appeal." *In re Weinshenker*, 177 S.W.3d 859, 864 (Mo. App. E.D. 2005).

As to the vehicles, Jeffrey argues that there were 19 motor vehicles divided by the trial court and there is insufficient evidence to determine if the division of property was just so therefore this Court should remand the case "for additional evidence."  However, Jeffrey offers no argument as to what additional evidence he has regarding the marital versus nonmarital nature of the Florida Property or the automobiles that he would offer on remand and provides no justification for his failure to adduce such evidence at the trial.  He further offers no analysis as to how the total division of property may be impacted by the reclassification of these items of property as nonmarital other than the unsupported allegation that the division of property was rendered unjust by the improper classification of these items of property.  "It is well settled that 'the mere erroneous declaration of what is or is not marital property, where the decree is nonetheless fair, will not require reversal.'" *Burk v. Burk*, 936 S.W.2d 144, 145 (Mo. App. S.D. 1996) (quoting *In re Marriage of Garrett*, 654 S.W.2d 313, 316 (Mo. App. S.D. 1983)).  "Appellate courts do not reverse any judgment unless they find that the error committed by the trial court against the appellant materially affected the merits of the action." *Id.*  "Absent a contention in the point relied on that the erroneous classification resulted in an unfair overall division of

10

property, the claim has been abandoned and reversal is not required." *Stroh v. Stroh*, 454 S.W.3d 351, 363 (Mo. App. S.D. 2014).

Neither in Jeffrey's points relied on nor elsewhere in his brief does Jeffrey contend that the alleged misclassification of the Florida Property or the three cars resulted in an unfair distribution of property only that there was insufficient evidence before this court to allow this court to make such a determination. Absent establishing before this Court that the property was in fact misidentified as marital and that such misidentification of the property did in fact cause the division of property to be unjust, Jeffrey has abandoned these claims of error. To the extent that Jeffrey argues that the judgment was in error for not discerning what property was marital and nonmaterial, that argument was addressed in Point Two. Points Three and Four are denied.

## Conclusion

The trial court's judgment is affirmed.

_____
Gary D. Witt, Judge

All concur