

# Missouri Court of Appeals
## Southern District

### In Division

JANE E. ZAMORA,          )
                                             )

        Petitioner-Appellant,      )
                                             )

v.                                   )     No. SD37807
                                           )     Filed: **September 12, 2023**

HUGO E. ZAMORA,        )
                                             )

        Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Margaret Palmietto

**<u>AFFIRMED</u>**

Jane Zamora ("Jane") appeals the judgment of the trial court finding two parcels of real property improved with homes to be marital property in the dissolution of marriage action between Jane and her former husband, Hugo Zamora ("Hugo").[1]  In two points on appeal, Jane claims the trial court misapplied Section 452.330 because Jane and Hugo excluded the properties from marital property by their valid written agreements under Section 452.330.2(4) or, alternatively, the properties were not marital property because Hugo gifted the parcels to Jane under Section 452.330.2(1).[2]  We affirm the judgment of the trial court.

---

[1] We use first names to avoid confusion and for ease of reference.  No familiarity or disrespect is intended.

[2] All statutory citations are to RSMo Cum. Supp. 2020.

## Factual Background and Procedural History

Jane filed a petition to dissolve her marriage to Hugo, and Hugo filed a counter-petition to dissolve the marriage. The trial court held a two-day bench trial and entered its judgment on October 21, 2022. The only portion of the judgment at issue on appeal is the trial court's determination that two parcels of real property improved with homes, the Warren property and the Highlandville property (collectively "the properties"), were marital property and not Jane's separate property.

With regard to the Warren property, the evidence was that Hugo and Jane acquired the property during their marriage from Jane's parents when Jane's parents fell behind on mortgage payments. Jane and Hugo purchased the Warren property for the outstanding amount owed on the mortgage, roughly $60,000. Jane took out a loan in her name only for the purchase price. Hugo signed a notarized document titled "Acknowledgement of Separate Estate of Spouse and Assent to Execution of Deeds," which was recorded with the Greene County, Missouri Recorder of Deeds, and which states in part:

> I, [Hugo], residing in Greene County, Missouri, the spouse of [Jane] presently residing in Greene County, Missouri, do hereby acknowledge that the real estate hereinafter described is the separate estate and property of my said spouse, and I expressly assent to any conveyance of the following described property situated in the County of Greene, State of Missouri, to wit to:
>
> > [Warren property legal description]
>
> made by my spouse, [Jane], at any time and acknowledge and state that any such conveyances are not to be deemed to be in fraud of my marital rights and that the [Warren property] does not constitute my homestead.
>
> . . . .
>
> This instrument is executed so that [Jane], my spouse, may execute and deliver any conveyance of said real estate without my joinder therein or without my express assent to each particular conveyance endorsed thereon, as required by

2

> Missouri Revised Statutes Section 474.150 or as prohibited by Section 513.475 on property constituting homestead.

Jane eventually paid off the loan in full with cash received from selling a vehicle. Jane lived in the home at the Warren property at the time of trial. By agreement, the parties valued the Warren property at $128,000.

With regard to the Highlandville property, the evidence was that Hugo and Jane acquired the property during their marriage. Jane took out a $435,000 loan in her name only to purchase the Highlandville property. Hugo signed a notarized document titled "Acknowledgement of Separate Estate of Spouse and Assent to Execution of Deeds," which was recorded with the Christian County, Missouri Recorder of Deeds, and which states in part:

> I, [Hugo] . . . do hereby acknowledge that the [Highlandville property] is the separate estate and property of my said spouse, and I expressly assent to any conveyance of the [Highlandville property] . . . made by my spouse, [Jane], at any time and acknowledge and state that any such conveyances are not to be deemed to be in fraud of my marital rights and that the property described herein does not constitute my homestead.

> This assent includes, but is not limited to, the execution by my said spouse of the Deed of Trust, to Central Bank of the Ozarks.

> This instrument is executed so that [Jane], my spouse, may execute and deliver any conveyance of said real estate without my joinder therein or without my express assent to each particular conveyance endorsed thereon, as required by Missouri Revised Statutes Section 474.150 or as prohibited by Section 513.475 on property constituting homestead.

Jane made the Highlandville property loan payments with proceeds from a masonry business owned by Jane and Hugo. Jane testified she was sole legal owner of the business, but Hugo did 99% of the work of the business as she knew nothing about masonry. During the dissolution proceedings, Jane sold the Highlandville property without informing Hugo and while an Interim Domestic Order of the trial court prohibited either party from selling property. The trial court ordered Jane to place the Highlandville property sale proceeds in her attorney's trust account.

3

Jane testified she believed the recorded Acknowledgments signed by Hugo meant Hugo had no interest in the properties. Hugo testified that he believed he had to sign the Acknowledgements because otherwise he and Jane would not have obtained financing for the Highlandville property. He testified the Warren property was the "same situation."

The trial court found the Warren property had a fair market value of $128,000 and should be awarded to Jane. The trial court found the Highlandville property had a fair market value equaling the sale proceeds of $176,813. The trial court awarded $30,000 of the Highlandville property sale proceeds to Jane and the rest of the sale proceeds to Hugo.

The trial court made the following findings regarding the property division in the judgment:

> The Court initially notes that [Hugo] is in the country illegally and has, on one occasion, been deported for a brief period of time before he again entered the country illegally. For that reason, [Jane]'s name has been placed on essentially all of their property. The Court has examined the evidence and has determined that with the exception of those items specifically set forth in the Court's Property and Debt Schedule as non-marital property, the remainder of their property and debt including, but not limited to, real estate, proceeds from the sale of real estate and other assets, vehicles and business assets are marital in nature. The Court's findings are included in its Property and Debt Schedule and the Court has carefully considered [Jane]'s claim that some of these assets are, at least in part, nonmarital.

> [Jane] contends that she should receive a larger portion of the marital estate because [Hugo] has readily admitted to having multiple extramarital affairs during the marriage. The Court has considered that factor in its division of property and debt. Likewise, the Court has considered [Jane]'s behavior in selling assets and converting funds for her own use during the course of the litigation, despite this Court's Domestic Order and specific orders prohibiting her from doing so.

Jane filed a motion to vacate, reopen, correct, amend, or modify the judgment or alternatively for a new trial, again asserting the properties were her separate property and not marital property. After a hearing, the trial court denied the motion. Jane appealed.

4

**Standard of Review**

In reviewing a court-tried case, "this Court will affirm the [trial] court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 898 (Mo. banc 2023) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). *See also In re Marriage of Eakens*, 647 S.W.3d 324, 331 (Mo.App. 2022) ("We must affirm the judgment in a dissolution case 'if there is substantial evidence to support it, it is not against the weight of the evidence, and it neither erroneously declares nor erroneously applies the law.'") (quoting *In re Marriage of Hillis*, 313 S.W.3d 643, 644 (Mo. banc 2010)). "We view the evidence and all reasonable inferences in the light most favorable to the court's judgment." *Stevenson v. Maxwell*, 605 S.W.3d 1, 5 (Mo.App. 2020) (citing *Schollmeyer v. Schollmeyer*, 393 S.W.3d 120, 123 (Mo.App. 2013)). "We will affirm the judgment if it is correct under any reasonable theory supported by the evidence." *Id.* (citing *Williams v. State*, 440 S.W.3d 425, 427 (Mo. banc 2014)).

"The classification of property as marital or non-marital is a question of law we review *de novo*." *In re Marriage of Hayes*, 288 S.W.3d 823, 827 (Mo.App. 2009) (citing *In re Marriage of Fisher*, 258 S.W.3d 852, 857 (Mo.App. 2008)). "In Missouri, any property acquired after the marriage and prior to legal separation or dissolution is presumed marital property." *Id.* (quoting *Davis v. Davis*, 107 S.W.3d 425, 431 (Mo.App. 2003) (citing Section 452.330.3)). "The trial court's classification of property is presumed correct, and the party challenging that classification has the burden of overcoming the presumption by clear and convincing evidence." *Id.* (citing *Fisher*, 258 S.W.3d at 857; *Davis*, 107 S.W.3d at 429). "The burden is on the party who claims that the property is separate to overcome the presumption of

5

marital property and show it falls into one of the exceptions listed in Section 452.330.2." ***Shaw***

***v. Shaw***, 413 S.W.3d 332, 337 (Mo.App. 2013).  While the classification of property as either

marital or non-marital is a question of law we review *de novo*, "we defer to the trial court's

determination of the facts that underlie such a classification." ***Eakens***, 647 S.W.3d at 331.

### Analysis

In Point I, Jane asserts the trial court misapplied Section 452.330 in determining the

properties to be marital property because Jane and Hugo excluded the properties as marital

property by "valid written agreement of the parties" under Section 452.330.2(4).  In Point II,

Jane alternatively claims the trial court misapplied Section 452.330 in determining the properties

to be marital property because Hugo gifted her the properties, excluding the properties from

marital property under Section 452.330.2(1).  Because both points involve Section 452.330, we

consider the points together.

Section 452.330 provides in relevant part:

2.  For purposes of sections 452.300 to 452.415 only, "marital property" means all
property acquired by either spouse subsequent to the marriage except:

(1) Property acquired by gift, bequest, devise, or descent;

(2) Property acquired in exchange for property acquired prior to the marriage or
in exchange for property acquired by gift, bequest, devise, or descent;

(3) Property acquired by a spouse after a decree of legal separation;

(4) Property excluded by valid written agreement of the parties; and

(5) The increase in value of property acquired prior to the marriage or pursuant to
subdivisions (1) to (4) of this subsection, unless marital assets including labor,
have contributed to such increases and then only to the extent of such
contributions.

3.  All property acquired by either spouse subsequent to the marriage and prior to
a decree of legal separation or dissolution of marriage is presumed to be marital
property regardless of whether title is held individually or by the spouses in some

6

form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2 of this section.

4. Property which would otherwise be nonmarital property shall not become marital property solely because it may have become commingled with marital property.

The parties do not dispute that the properties are presumptively marital property because both properties were acquired during the parties' marriage. Jane argues in Point I that the properties were not marital property because the properties were "excluded by valid written agreement of the parties" as permitted by Section 452.330.2(4). We disagree. The trial court's characterization of the properties as marital property is presumptively correct. Jane did not meet her burden of proving the Acknowledgements signed by Hugo qualify as valid written agreements of the parties excluding the properties as marital property. Specifically, viewing the plain language of the Acknowledgements signed by Hugo, neither document references Section 452.330 (despite each document referencing Section 474.150 (gifts in fraud of marital rights) and Section 513.475 (homestead exemption)). Neither document references marital property or contains any language whereby Hugo purports to waive his marital interest in the properties. Each document does refer to the respective properties as the "separate estate and property" of Jane, but we decline to hold this language is sufficient to qualify each Acknowledgement as a "valid written agreement of the parties" excluding the properties as marital property under Section 452.330.2(4) and thereby overcoming the presumption of marital property. Instead, the Acknowledgements signed by Hugo indicate Jane may transfer the properties without further action by Hugo. This does not amount to a "valid written agreement of the parties" for Hugo to waive his marital interest in the properties.

7

In Point II, Jane argues the trial court misapplied Section 452.330 in determining the properties to be marital property because Hugo gifted the properties to Jane, excluding the properties from marital property under Section 452.330.2(1). We disagree. No document signed by Hugo says he is gifting the properties or his marital interest in the properties to Jane. The word "gift" is absent from the Acknowledgements. Further, Hugo testified he did not intend to waive his marital interest in the properties by signing the Acknowledgements and signed only because he thought he had to sign so he and Jane could obtain financing for the properties. Jane testified she thought Hugo was waiving his marital interest in the properties by signing the Acknowledgements, but the trial court was free to disbelieve her testimony. "In reaching its judgment, the trial court is free to believe any, all, or none of the evidence presented at trial." *Lewis v. Lewis*, 671 S.W.3d 734, 740 (Mo.App. 2023) (quoting *Hunter v. Moore*, 486 S.W.3d 919, 925 (Mo. banc 2016)). "We defer to the trial court's credibility determinations." *Id.* (citing *Hunter*, 486 S.W.3d at 925).

Because Jane did not meet her burden to overcome the presumption of marital property, the trial court did not err in determining the properties to be marital property.

## Conclusion

The trial court's judgment is affirmed.


GINGER K. GOOCH, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS